| 41 | 241 |
|----|----|
| 57a | 687 |
| 41 | 241 |
| 69a | 565 |
| 41 | 241 |
| 77a | 608 |
| 41 | 241 |
| 96a | 1271 |
| 41 | 241 |
| 99a | 1 38 |

</div>

# BYRON W. WATSON
## *v.*
## JOSEPH R. WOOLVERTON.

1. ASSUMPSIT —*for money had and received — when it lies.* The action of assumpsit for money had and received, is an equitable action, in which the plaintiff can recover from the defendant so much money as he can show the defendant, *ex equo et bono,* ought not to retain.

2. PRACTICE IN THE SUPREME COURT —*who may object to the character of the remedy resorted to.* Where a party sued out a writ of error to reverse a judgment in his favor, the defendant objected that the action brought was not the proper remedy, but, as he made no such objection in the court below, and did not prosecute the writ of error, it was deemed unnecessary to decide whether the action was the proper one on the facts.

3. MEASURE OF DAMAGES —*in suit to recover back the purchase-money on failure of title to land.* Where a purchaser of land, who holds the obligation of his vendor to make him "a good and sufficient warranty" deed for the premises, has been actually evicted therefrom under an outstanding paramount title, and lost the property, the measure of damages in an action to recover back the purchase-money, is the price paid for the property and six per cent interest thereon.

4. But if there was only a failure of title as to the land, and the purchaser has purchased in the outstanding title from the true owner, and has never been disturbed in his possession of the premises, the measure of damages would be the value of the title he had to purchase in order to protect himself in the enjoyment and possession of the property which he had purchased from the defendant, and to prevent an actual eviction, and any costs and expenses he may have been compelled to lay out in so purchasing title and protecting his possession.

16—41ST ILL.

5. ERROR WILL NOT ALWAYS REVERSE — *of improper instructions.* The giving of an erroneous instruction will not be ground for reversal, if the verdict of the jury was just and proper.

WRIT OF ERROR to the Circuit Court of Livingston county; the Hon. CHARLES R. STARR, Judge, presiding.

The opinion of the court contains a sufficient statement of the case.

Messrs. FLEMING & PILLSBURY, for the plaintiff in error.

Mr. JOHN M. BARRET, for the defendant in error.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was an action of assumpsit in the Livingston Circuit Court, brought by Byron W. Watson, against John R. Woolverton, to recover back the consideration paid for a certain house and lot in Ancona, in that county, the title to which was alleged to have failed.

There was a trial by jury on the pleas of the general issue, and the statute of limitations, and a verdict for the plaintiff for one hundred and twenty dollars. A motion for a new trial was made by the plaintiff and overruled and exception taken, and judgment was entered on the verdict.

The plaintiff read in evidence to the jury a contract between defendant and plaintiff, for the property for which the money sought to be recovered back was paid, as follows:

"ARTICLE OF AGREEMENT made this 21st day of November in the year of our Lord one thousand eight hundred fifty-seven, between J. R. Woolverton, of the town of Ancona, Livingston county, and State of Illinois, of the first part, and Byron W. Watson, of the county and State above written, of the second part,

"WITNESSETH, That the said J. R. Woolverton has this day granted, bargained and sold to the said Byron W. Watson, the following described property, situated in the town of Ancona, it being the house now occupied by the said J. R. Woolverton,

for which the said Byron W. Watson agrees to pay the sum of one thousand dollars, in hand paid, the receipt whereof is hereby acknowledged; and the said J. R. Woolverton binds himself, his heirs and assigns, to make the said Watson a good and sufficient warranty deed for the said property or house.

"In testimony whereof we hereunto set our hands and seals, the day and year above written.

<div style="text-align:right">

"J. R. WOOLVERTON, [L. S.]

"B. W. WATSON.        [L. S.]

</div>

"Witness: B. D. SHACKLETON."

To reverse this judgment Watson prosecutes this writ of error, and assigns as errors the following:

The court erred in excluding proper evidence offered by the plaintiff; in admitting improper evidence on the part of defendant; in refusing to give to the jury plaintiff's instructions numbered 2, 3, 4, 5 and 6, respectively; in giving instruction number 1, as asked for by the defendant; in giving to the jury improper instructions upon its own motion; in overruling motion for new trial; in entering judgment upon the verdict of the jury.

The case is argued here, principally on the instruction by the court, and we will confine ourselves chiefly to that. This action of assumpsit, for money had and received, was said by Lord MANSFIELD, in the case of *Moses* v. *McFarlane*, 2 Burrow, 1012, to be an equitable action in which the plaintiff could recover from the defendant, so much money as he could show the defendant, *ex equo et bono*, ought not to retain.

An objection is made, that assumpsit was not the proper remedy on the facts of this case. This objection comes from the defendant, but he made no such objection in the court below, and does not prosecute this writ of error, so that it is unnecessary to decide whether or not assumpsit is the proper action. Nor need we consider what would be the measure of damages under the covenant of warranty, as the suit is not brought upon the covenant. The action is purely equitable, and, though the grounds on which the jury based the verdict

are not very clear, we are unable to say they were misconceived and erroneous. It is in proof, the plaintiff was in the undisturbed possession of the house and lot, no attempt has been made to eject him. What then should be the measure of damages? It is in proof, he perfected the title to the two acres of land, from the true owner, for which he paid a sum less than sixty dollars per acre. The jury gave him one hundred and twenty dollars, a sum greater in amount than he was required to pay to perfect the title. There having been no eviction of plaintiff, the liability of the defendant ought not to be stretched beyond the actual damage suffered by the plaintiff, and that does not appear to have amounted to a sum equal to the verdict.

In equity and justice, the defendant should not be required to refund more of the purchase-money received for the house and lot, than it required to perfect the title to the ground, and this the verdict compels him to do.

As to the instructions asked by the plaintiff, and refused, and assigned as error, they seem to have been abandoned, as no argument has been offered in relation to them; the argument being directed principally to the instruction given by the court on its own motion, and which was intended to embody the law of the case.

That instruction is as follows:

"The court instructs the jury, that the measure of damages in this case is the price paid for the property, and six per cent interest thereon, if they believe, from the evidence, that plaintiff was actually evicted and lost the property. But if the jury believe, from the evidence, that there was only a failure of title as to the land, and that plaintiff was never disturbed in his possession of the house, the measure of damages would be the value of the title he had to purchase in order to protect himself in the enjoyment and possession of the property which he had purchased from the defendant, and to prevent an actual eviction, and any costs and expenses he may have been compelled to lay out in so purchasing title and protecting his possession."

We are of opinion this instruction is the law of this case, and in accordance with the authorities. *Brady* v. *Spurck*, 27 Ill. 478.

The instruction marked 1, given for the defendant, is objected to. That is as follows:

"If the jury believe, from the evidence, that Woolverton had no title to the land at the time he entered into the contract with Watson, and that Watson knew this, and that Woolverton only designed to sell Watson the house, and did not intend to sell the land, and that Watson so understood, and that Watson entered into the written contract with a full knowledge of these facts, then the law is with the defendant, and the jury will so find by their verdict."

It is insisted there was no evidence on which to found this instruction, and that it is not the law. Though this instruction may not be correct, as it seems to leave the construction of the written agreement to the jury, yet it could not have misled the jury, or worked any injury to the plaintiff, the jury having allowed him all he was authorized to claim, and that was the amount he paid to secure the title to the lot, if the lot had been embraced in the agreement.

Perceiving no error in the judgment, it must be affirmed.

*Judgment affirmed.*