266          PAHLMAN *v.* KING, ADM'X, ETC.          [Sept. T.,

Syllabus.

# JOHN D. PAHLMAN

*v.*

# EMILY A. KING, Administratrix of the· Estate of J. B. KING, Deceased.

1. ADMINISTRATRIX—*in actions against—for breach of a parol contract made with the intestate—what plaintiff must prove—demand necessary.* In an action against an administratrix to recover for the breach of a contract alleged to have been made with the intestate, in his life-time, by which the latter was to deliver to the plaintiff a certain quantity of coal at a specified price, and where the contract alleged to have been made, so far as plaintiff was concerned, rested entirely in parol, it is necessary for the plaintiff to show not only a readiness and willingness to perform his part of the contract, but a demand on the defendant for the property contracted to be delivered.

2. CONTRACTS—*for the delivery of personal property—in actions for non-delivery—what must be shown.* In an action upon a contract for the non-delivery of the articles contracted for, where the obligations to pay and deliver are concurrent, in order to recover, the plaintiff must aver and prove his readiness and willingness to perform his part of the contract.

3. SAME—*slight proof sufficient.* And in such case, slight evidence of the fact will be sufficient, but some proof must be given. *Hungate* v. *Rankin,* 20 Ill. 641, and *Hough* v. *Rawson,* 17 ib. 588.

4. ERROR—*will not always reverse.* This court will not award a new trial, merely on the ground that an improper instruction was given, where it appears, from the record, that substantial justice has been done.

APPEAL from the Circuit Court of Cook county; the Hon. ERASTUS S. WILLIAMS, Judge, presiding.

The opinion states the case.

Mr. J. S. PAGE, for the appellant.

Messrs. WAITE & CLARKE, for the appellee.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

The record in this case shows a claim presented by John D. Pahlman, before the county court of Cook county, against the estate of John B. King, deceased, represented by his widow, Emily A. King, administratrix, to recover of the estate a very large sum of money, for the breach of a contract alleged to have been made by King, in his life-time, to deliver Pahlman, in the fall and winter of 1864, three thousand tons of coal, at the price of four dollars and ninety cents per ton. The court disallowed the claim, and Pahlman appealed to the circuit court, where, on trial by a jury, a verdict was found for the administratrix, and the claim again disallowed.

To reverse this judgment the claimant brings the record here by appeal, assigning as error, a modification of an instruction asked by the plaintiff and in giving certain instructions for the defendant.

The instruction modified by the court was as follows:

" The jury are instructed, if they find that King contracted with the plaintiff, in the summer of 1864, to deliver to him in Chicago 3,000 tons of coal during the then next fall and winter for a stipulated price, and that the coal was not delivered according to said contract, in that case the plaintiff was not required to demand of King or his representatives a performance of the contract before bringing an action for its breach."

The court added, " but, in order that the plaintiff should recover damages for the breach of the contract, it must appear, from the evidence, that the plaintiff was ready and willing, and offered to perform the contract on his part within the time limited by the contract, if any time was limited, and if not, then within a reasonable time."

It was proved, in the cause, that King died October 2, 1864; that the widow and administratrix, caused an account to be made out against the plaintiff in 1865, which, she testified, she

presented to him in the spring of 1866, which plaintiff looked at, and said it was right; that he then said nothing about a coal contract, and when she made out the account she had never heard of any claim for coal on contract.   The evidence of a contract is furnished alone by letters which King wrote, one of June 30, 1864, addressed to the Braceville Coal Company, and the other of July 25, of the same year, addressed to Wm. H. Odell, who was the real and only company.   These letters, by a fair construction of them, coupled with the business King was doing, his advertisements thereof, his " bill heads," and the large sign at his place of business, of all which it is impossible that Pahlman should not have had full knowledge, leave the inference almost irresistible, that it was in the contemplation of these parties, that this coal was to come from the Braceville Coal Company, namely, from Odell, and that he had told plaintiff, his engagements were such with the railroad company that he could not undertake to deliver the specified number of tons, but only such surplus as might be left over after supplying the railroad company.   The arrangement was made, if at all, in the summer of 1864, and, during the time of the existence of the contract, or soon after, if a contract was made, this kind of coal was worth, on the track, from seven dollars to nine and a half dollars per ton. There is no proof that plaintiff ever demanded the coal of King, in his life-time, though on the account presented he was charged with four tons of coal at alleged contract price, as having been had by him in August and September, 1864. We think, in the absence of authority on the point, none being necessary, that, under this state of fact, the modification by the court was quite proper.   The claim was not presented to the county court until in March, 1866, in which plaintiff states he was ready at all times to receive and pay for the coal, and had " demanded the same."

If there was a contract, it was to have been consummated by delivery, by the close of the winter of 1864–5, which would

have been March 20, 1865. Now, as the plaintiff alleged in his declaration, the statement of his claim filed with the county court, being for this purpose to be considered equivalent to a formal declaration, that he was ready and willing, and offered to perform his contract, and had demanded the coal, that he should have made some proof of these facts, not, perhaps, that he had the money in hand to pay down, but some. evidence of readiness and willingness. Slight evidence of this would be sufficient, but some evidence must be given. *Hungate* v. *Rankin*, 20 Ill. 641; *Hough* v. *Rawson*, 17 ib. 588. In the character in which the defendant was acting, it was quite important the plaintiff should prove a demand upon her, since, as the contract, so far as plaintiff was concerned, rested entirely in parol, she could not be supposed to have any knowledge of it, so that she might fulfill it.

We think, under the mass of proof in this case, that it is incredible that the plaintiff understood that King was binding himself to the performance of this contract, it being most clearly in the contemplation of both parties that the plaintiff should have only such surplus as should remain after supplying the demand of the railroad company.

Reverse the case, and suppose coal had fallen to a price far below $4.90 per ton, would King, under the facts here shown, have had a right of action against the plaintiff? We can not believe it.

It is objected, that the defendant's instructions were erroneous. Technically, they were, but in view of the surrounding circumstances, of the close relations which subsisted between the plaintiff and the deceased, and the proof in the cause that the plaintiff never understood he had made any contract which would bind the deceased, personally, nor any which would.bind the supposed principal, the Braceville .Coal Company, but was content to take his chances to receive Braceville coal at this low price, through the agency of the deceased,

should there be any surplus, we will not reverse for that cause.

On an inspection of the whole record, we think substantial justice has been done in the case, and in view of this, we would not reverse the judgment for mere misdirection of the court, on a point of no real importance in the case.

The judgment must be affirmed.

*Judgment affirmed.*