EMILY BESELER

*v.*

JACOB STEPHANI.

1. TRESPASS *for an assault, etc.—recovery must be on the ground alleged.* In an action of trespass, where the injury complained of was an assault by the defendant upon the plaintiff, and having sexual intercourse with her, against her will, and the defense interposed is, that the intercourse was with her consent, and the evidence shows that the plaintiff and defendant had such intercourse on frequent occasions, and that the result was the birth of a child, it is proper to instruct the jury that the plaintiff is not entitled to recover for sexual commerce with the defendant, or its consequences, if had with her consent.

2. INSTRUCTION *should apply to the case.* In such case, it is improper to define, in an instruction, the crime of *rape,* and instruct the jury to find specially whether the defendant did or did not commit a rape on the plaintiff. The result of such practice is necessarily to confuse and mislead the jury.

3. ERROR *will not always reverse—improper instructions.* A new trial will not be granted merely on the ground that improper instructions have been given, when it appears that substantial justice has been done.

APPEAL from the Circuit Court of Cook county; the Hon. LAMBERT TREE, Judge, presiding.

Mr. S. S. WILLARD, Mr. D. J. SCHUYLER, and Mr. GEO. GARDNER, for the appellant.

Messrs. NISSEN & BARNUM, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This was an action of trespass, by the appellant against the appellee.

The amended declaration, upon which the trial was had, contains four counts. It is alleged in the first count that the defendant assaulted the plaintiff, and, with great force and violence, seized hold of her, and, against her will, dragged and carried her from one room in the house of defendant, across the house to another room in the house. and there threw her upon the bed of the defendant, and there held and detained her for an hour, and attempted to carnally know her against her will, by reason of which she was greatly injured and became sick, sore and disordered.

The second count alleges that, on the 13th day of April, 1871, defendant assaulted the plaintiff, and, with great force and violence, seized hold of, and, against her will, held and detained her and carnally knew her, she then being sick, and that thereby she became injured, sick and disordered, and so remained for a long time.

The third count alleges that, on the 16th day of April, 1872, the defendant assaulted the plaintiff, and, with great force and violence, seized hold of her, and violently dragged her, while she was pregnant with child, and in the pains of child-birth, the defendant knowing her pregnant condition, out of and from his house to or upon the prairie or open field, and left her there alone, to suffer, without help or assistance, and that thereby she became sick and disordered, and suffered greatly in body and mind.

The fourth count is an allegation of an assault on the plaintiff by the defendant, and that she was greatly abused, wounded, ill-treated and injured by him.

The defendant pleaded not guilty, accord and satisfaction, and a release in writing under seal. To the last plea, plaintiff replied that the release was obtained by the fraud and covin

of the defendant.    Issues were properly joined, and the cause was submitted to a jury, under instructions from the court, who returned a verdict in favor of the defendant.    Motion for new trial was made and overruled, and judgment rendered upon the verdict of the jury, to all which exception was taken.

The only questions argued under the errors assigned relate to the giving of instructions by the court, at the instance of appellee..    It is not claimed by the counsel for appellant that there is such a preponderance of evidence in favor of appellant that a new trial should be granted, solely upon the ground that the verdict of the jury was not authorized by the evidence, but it is insisted that the evidence was so nearly balanced that the giving of an improper instruction by the court in behalf of either party would have necessarily induced the jury to return a verdict that way ; and it is argued that the 1st, 3d and 5th instructions, given at the instance of the defendant, are erroneous, and improperly affected the action of the jury, and induced them to find as they did.

The 1st and 3d of these instructions are as follows :-

" 1.    The court instructs the jury that the law does not permit a woman, who has been seduced, to maintain any action whatever against her seducer, for any damages for such seduction.    Therefore, if the jury believe, from all the evidence in the cause, that the plaintiff was led to cohabit with the defendant, only because he seduced her, or was seduced by her, she can recover no damages for such cohabitation or its consequences.

" 3.    If the jury believe, from the evidence, that the defendant was the father of the child referred to in the testimony, and that the act of copulation, at the time said child was begotten, was a voluntary act on the part of the plaintiff, and not the result of, or induced by, any violence or threats of the defendant on that occasion, then the plaintiff is not entitled to any damages by reason of said act, or of her preg-

nancy and sickness, or of her confinement, or the birth of the child, or of any pain, suffering or expense connected therewith, or resulting therefrom."

The objection urged is, that the action is not brought to recover for damages growing out of a voluntary cohabitation, or its consequences, and that the instructions are not applicable to any evidence in the case.

It is true, the action is not brought to recover for voluntary cohabitation, or its consequences, but the plaintiff claims damages for an assault committed with intent to ravish, and also for an assault in which such intent was consummated, as well as for other assaults.

The fact that there had been illicit sexual intercourse between the parties, on frequent occasions, is not disputed, but it was claimed by appellant that such intercourse had its inception in force and violence, while the defendant denied all violence, and claimed that such intercourse was brought about by the lascivious conduct of appellant, and that it was, at all times, with her consent.   The evidence of both parties, as well as that of several other witnesses, of a corroborative character, was heard by the jury, and it was their province to determine from it whether the appellee was guilty of the trespasses wherewith he was charged; and that they might do so intelligibly, we perceive no objection to their being informed by the court, as they were, substantially, by these instructions, that the plaintiff was not entitled to recover for sexual commerce with the defendant, or its consequences, when had with her consent.   We find sufficient evidence in the record to sustain the theory upon which these instructions are predicated, and we do not think their tendency is such as to have misled the jury.

The 5th instruction is as follows :

" The statute law of Illinois defines rape to be the carnal knowledge of a female forcibly and against her will."

There was certainly no necessity for the giving of this instruction, as the term "rape" is not used in the pleadings, and its definition could not be of the slightest consequence, under the circumstances.

The court also directed the jury to find specially whether appellee did, on the night of the 11th or 12th of April, 1871, or at any other time, commit a rape on 'appellant, and the jury specially found in the negative.

This was entirely outside of the case, and is most objectionable practice. The trespasses alleged against appellee are specifically and distinctly described in the declaration, and whether, under the criminal code, they constitute the crime of rape, is unimportant. This is a civil suit, and these acts, under the law applicable to such cases, constitute only trespass. · It is not proper that, in the trial of such cases, the definitions and penalties of the criminal code should be given to the jury. The result of such practice is necessarily to confuse and mislead the jury, and possibly to intimidate them, by the consideration of the consequences that would flow from a verdict of guilty, if the party were tried criminally for the same acts which constitute the alleged trespass.

The rule, however, is, that a new trial will not be granted merely on the ground that improper instructions have been given, where it appears, from the record, that substantial justice has been done. *Pahlman* v. *King*, 49 Ill. 266; *Potter* v. *Potter*, 41 id. 80; *Curtis* v. *Sage*, 35 id. 22; *McConnel* v. *Kibbe*, 33 id. 177.

We have carefully examined the evidence in the record before us, and are satisfied that substantial justice has been done, notwithstanding the errors indicated. The evidence clearly and decidedly preponderates against the plaintiff, and the verdict, under proper instructions, could not, in our opinion, have been otherwise than for the defendant.

The judgment must be affirmed.

*Judgment affirmed.*