## Indiana and Illinois Southern Ry. Co. v. G. S. Wilson & Son.

1. DEPOSITIONS—*Names of Parties to be Indorsed on the Envelope, etc.*—The indorsement on an envelope containing depositions returned to the clerk of the court as taken in a suit pending in which the " Indiana and Illinois Southern Railway Company " was defendant, was in the name of the "Indiana & Illinois So. Ry." *Held,* a sufficient compliance with the provisions of the statute requiring the names of parties litigant to be indorsed on the envelope in which they are delivered to the clerk of the court.

2. SAME—*Construction of the Statute—Requiring Names to be Indorsed, etc.*—The statute requiring the indorsement of the names of parties litigant on the depositions when sealed up is merely directory, and when no injury or surprise results, depositions will not be suppressed because of a failure of the officer taking the depositions to so indorse the names.

3. SAME—*Failure of Certificate to Show Adjournments.*—The failure of the certificate to show an adjournment is a mere irregularity, which, in absence of any evidence tending to show that one of the parties was injured or surprised thereby, is not sufficient to warrant the suppression of a deposition.

4. INSTRUCTIONS—*When Error in Refusing is Not Reversible.*— Where a party asked the court to give thirty-six separate instructions, many of them of unusual length, and the court refused some of them, among which was one that ought to have been given, but with which exception everything the party was entitled to have was embraced in those given, *held,* that the error in refusing the instruction was not reversible error.

5. SAME—*Duty of the Trial Judge.*—No judge can be expected, within the time generally at his disposal, to properly examine and pass on so many long instructions, repeating the same things over and over again, in complicated and involved phraseology, and not make some mistakes.

6. SAME—*Error in Refusing, When Not Reversible.*—Judgment will

not be reversed because of an error by the trial court in the giving or refusing instructions, where it is apparent upon the whole record that substantial justice has been done.

7. SAME—*Error in, When the Evidence Sustains the Verdict.*—When the evidence clearly sustains a verdict, the Appellate Court never reverses because of error in instructions.

**Assumpsit,** to recover damages sustained in transportation of wheat by a common carrier. Trial in the County Court of Crawford County; the Hon. JOHN C. EAGLETON, Judge, presiding. Verdict and judgment for plaintiff. Appeal by defendant, Heard in this court at the February term, 1898. Affirmed. Opinion filed August 31, 1898.

PARKER & CROWLEY, attorneys for appellant.

BRADBURY & MACHATTON and CALLAHAN, JONES & LOWE, attorneys for appellees.

MR. PRESIDING JUSTICE CREIGHTON delivered the opinion of the court.

This was a suit in the County Court of Crawford County, by appellees against appellant, to recover damages claimed to have been sustained by appellees in the transportation of wheat shipped under a contract with appellant as common carrier. Appellees shipped sixty-two carloads of wheat from Palestine, Illinois, to Detroit, Michigan, at a rate of twelve cents per hundred pounds, and claim that they were overcharged; that a part of the wheat, before it reached its destination, was caused by appellant to be transferred into lime cars, whereby it was mixed with lime and thereby damaged, and that before the wheat reached its destination appellant caused it to be transferred into other cars than those in which appellees loaded it, and that in the act and manner of transferring it a part of it was wasted and lost.

Appellant denies that there is any overcharge, denies that any of the wheat was mixed with lime, denies that any of the wheat was wasted or lost, denies that appellees have sustained any damage, and pleads that there had been a settlement of the supposed liability and an adjustment of all matters between the parties.

Trial was by jury. Verdict and judgment in favor of appellees for $375.

Appellant urges as grounds for reversal, that the court erred in overruling appellant's motion to suppress depositions, in admitting improper evidence on behalf of appellees, and in refusing to admit proper evidence offered by appellant, in giving improper instructions asked by appellees and refusing proper instructions asked by appellant, and that the verdict is not supported by the evidence.

It is contended by appellant that the depositions should have been suppressed, because the officer who took them failed to properly comply with the requirements of the statute concerning the indorsement of the names of the parties litigant on the envelope in which he mailed them to the clerk.

The statute provides that when depositions are taken they shall be " sealed up and directed to the court in which the action shall be pending, with the names of the parties litigant indorsed thereon."

The name of one of the parties litigant is indicated in this record in many different ways. The summons, declaration and all the original pleadings, except a demurrer filed by appellant, seem to have been lost.

In appellant's demurrer, the name of appellant appears as follows: " Indiana, Illinois Southern Railway." In the order sustaining appellant's demurrer, the name of appellant appears: "The I. & I. S. R. R. Co." In appellees' account filed, the name of appellant appears: " The Indiana, Illinois and Southern Railway Company." In a stipulation concerning opening depositions, the name of appellant appears, " The Indiana & Illinois Southern Railroad Co." In a stipulation concerning lost papers, the name of appellant appears, " The Indiana & Illinois Southern Railway Company." And on the back and front page of appellant's abstract, the name of appellant appears, " Indiana and Illinois Southern Railway Company." On the envelope containing the depositions, the name as indorsed by the officer who took the depositions, appears, " Indiana & Illinois So. Ry."

Appellant contends that this does not comply with the requirement of the statute, and for that reason the depositions should have been suppressed.

In Cole v. Choteau et al., 18 Ill. 439, it is held that the statute requiring the indorsement of the names of parties litigant on the depositions when sealed up, is merely directory, and when no injury or surprise results, depositions will not be suppressed, because of a failure of the officer taking the depositions to so indorse the names.

In Forsyth et al. v. Baxter et al., 2 Scam. 12, it is held that an indorsement on the depositions, sufficient to indicate in what case the proceeding to take depositions was had, complies with the statute. Appellant also contends that the depositions ought to have been suppressed, because the date of the *jurat* at the foot of the depositions appears to be of a date later than the date fixed for taking the depositions and on which the witnesses first appeared, and were sworn and examined.

The parties appeared on the day named, appellant being represented by its attorneys. The witnesses previous to their examination were respectively sworn as the law requires, and duly examined and cross-examined. This was on the second day of June, and all fully appears from the officer's certificate, and from the face of the depositions. The *jurats* at the foot of the respective depositions bear dates, some of them June 9th, and some June 12th.

The statute provides that the officer shall cause the witnesses to be sworn previous to their examination, and " shall cause such interrogatories, together with the answers of the witnesses thereto, to be reduced to writing in the order in which they shall be proposed and answered, and signed by such witnesses; after which it shall be the duty of the person taking such deposition to annex at the foot thereof a certificate, subscribed by himself, stating that it was sworn to and signed by deponent, and the time and place when and where the same was taken." All this was literally done. The officer caused the witnesses to be duly sworn before the examination began; he caused the interrogatories

and answers thereto to be reduced to writing and signed by the witnesses, after which he annexed his certificate subscribed by himself, etc.

Appellant contends that if it could not all be reduced to long hand or typewriting on the same day of the examination, that the officer ought to have adjourned to some future day. That would have been the more regular course. But appellant's attorneys were present, and as we have no affidavit or other evidence to the contrary, the presumption is they consented to the course that was pursued. However this may be, the failure of the certificate to show an adjournment is a mere irregularity, which, in the absence of any evidence tending to show that one of the parties was injured or surprised thereby, is not sufficient to warrant the suppression of the depositions.

Appellant contends that the court admitted improper evidence on behalf of appellee, and refused to admit proper evidence offered by appellant. We have gone through this voluminous record fully and as carefully as we could, and are of opinion the court committed no material error in the admission or rejection of evidence.

Appellant insists that there is no evidence to support appellees' instructions concerning their claim for overcharge. Appellant agreed to transport appellees' wheat at a specified price, and caused to be collected from them a greater sum than the agreed price would amount to; this excess would be an overcharge, unless it be justified. Appellant attempts to justify it by claiming that the excess was properly expended in elevating and cleaning the wheat. Evidence was introduced *pro* and *con* upon these issues. We are of opinion that the claim for overcharge was properly submitted to the jury.

Appellant complains that the court improperly refused to give certain instructions asked, to be given on its behalf. Appellant presented to the court and asked the court to give thirty-six separate instructions, many of them of unusual length. They cover thirteen closely printed large pages in the abstract. The court refused some of

them; among the refused ones is one that ought to have been given. With that exception everything that appellant was entitled to have is embraced in those given. No judge can be expected within the time at his disposal on such occasions, to properly examine and pass on so many long instructions, repeating the same things over and over again in complicated and involved phraseology, and not make some mistakes. No such number of instructions, nor the third of that number, are ever necessary to a proper statement of the law in such case as this. To present such number of instructions in a case as simple as this one, is to invite error and become a party to it.

The court should have given one of appellants' instructions on the question of settlement. But a judgment will not be reversed because of an error by the trial court in the giving or refusing of instructions, where it is apparent upon the whole record that substantial justice has been done.

In Young v. McConnell, 110 Ill. 84, the court says: " When the evidence clearly sustains a verdict, this court never reverses because of error in instructions, and the Appellate Court is doubtless governed by the same rule, as it is required by law."

The Appellate Court is governed by the same rule. In Conklin v. Burdick, 6 Ill. App. 153, it is said : " There can be no question that several erroneous instructions were given to the jury on the trial of this case. We think, however, upon a careful examination of all the evidence in the record, substantial justice has been done by the verdict of the jury." In St. L., V. & T. H. R. R. Co. v. Morgan, 12 Ill. App. on page 258, the court says: "We do not regard some of the instructions as accurate, but it seems to us that substantial justice has been done, and that a new trial would result in the same judgment." We cite as supporting this rule, Dishon et al. v. Schorr, 19 Ill. 59; Boynton v. Holmes, 38 Ill. 59; Parker v. Fisher et al., 39 Ill. 164; Watson v. Woolverton, 41 Ill. 241; Pahlman v. King, Admx., 49 Ill. 266; C. & A. R. R. Co. v. Sullivan, Admx., 63 Ill. 294; Beseler v. Stephani, 71 Ill. 400; Hewitt v. Jones, 72 Ill. 218.

It is contended by appellant that the verdict is against the evidence.

There is, in our opinion, ample testimony tending to support the verdict. While upon some items it is conflicting, yet upon the whole, to the extent of the amount found by the jury, it strongly preponderates in favor of appellees. We think upon a careful examination of the whole record that substantial justice has been done by the verdict of the jury and judgment of the trial court.

The judgment of the trial court is affirmed.