## Henrietta Coal Company v. Frank Martin.

1. INSTRUCTION—*when contains substantial copy of statute, not erroneous. Held*, that an instruction which was substantially a copy of section 18 of the Miners' Act was not erroneous as applied to the facts disclosed by the record.

2. REVERSAL—*when errors will not effect.* Errors intervening in the

trial of a cause will not result in a reversal where substantial justice has been done.

Action on the case for personal injuries. Appeal from the Circuit Court of Madison County; the Hon. CHARLES T. MOORE, Judge, presiding. Heard in this court at the February term, 1905. Affirmed. Opinion filed September 8, 1905.

TRAVOUS, WARNOCK & BURROUGHS, for appellant.

BURTON & WHEELER, for appellee.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was an action in case, in the Circuit Court of Madison County, by appellee against appellant, to recover for a personal injury sustained by appellee while in the service of appellant as a coal miner. Trial by jury. Verdict and judgment in favor of appellee for $8,500.

The amended declaration upon which the case was tried, consists of three counts based upon sections 16 and 18 of the Mine and Miners' Act. The first charges a wilful failure to "provide a sufficient supply of props, caps and timbers," as provided in section 16. The second and third charge a wilful failure to provide a mine examiner who visited and inspected the mine on the day of the injury and observed dangerous conditions, in working places, and placed a conspicious mark as a notice to all men to keep out and reported his finding to the mine manager and made a record of the conditions of the mine; and that appellant wilfully failed to prevent appellee from entering the mine to work, until such record was made and until all conditions were made safe, as provided in section 18.

Appellee's working place was at the face of an entry that was being driven forward. The entry was about twenty-two feet wide, and at and for some distance back from the face, the roof was seven feet high and was known to the mine manager and the mine examiner and all the employees whose duties took them into that part of the mine, to be a dangerous roof; so much so, that in addition to the props ordinarily used for such purposes, "cribs"

were built up to support it. These cribs had been built up to within about thirty feet of the face. As the entry was driven forward the miners set up props to support the roof over their working place at the face of the coal. The evidence conclusively proves that at and for some time prior to the injury, appellee and his "buddy" were in perilous need of props and repeatedly, ordered them, not only through the driver, as was the custom in that mine, but also from the mine manager direct, and that sufficient props were not furnished. The jury could not, in reason, have found otherwise than that appellant was guilty of failure to provide sufficient props, in wilful violation of the provisions of the statute in respect thereto, and that appellee's injuries resulted therefrom. He was injured by the falling upon him of a piece of rock, about five feet wide and twelve feet long, from the roof over his working place. His backbone was dislocated and his body paralyzed from his waist down. His leg and some bones of his foot were broken. His ankle was dislocated and his jaw was broken and he was otherwise injured. His injuries are permanent and very serious. He was thirty-four years old, in good health, weighed 160 pounds and could earn $4 per day prior to the injury.

Counsel insist that the trial court erred in admitting evidence that props were ordered through the driver, the declaration averring that they were ordered of the mine manager. The statute provides that the mine manager shall always provide a sufficient supply of props delivered on the mine cars at the usual place when demanded, and the evidence proves that it was a usual and customary practice in appellant's mine, to order through the driver. The admission of this evidence was not error, and further, the evidence shows that repeated demands were made of the manager, direct. And in this connection it is insisted that it was error to admit demands made for props by appellee's "buddy." Appellee and his buddy worked together in the same working place, under the same piece of roof, and needed props for the same purpose. When one needed

props he needed them for both, as much for one as for the other, and when props were furnished to one, they were furnished for and used by both. Some other complaints are made as to the admission and rejection of evidence, but none of them appear to be of sufficient importance to demand discussion.

Counsel claim that there is no evidence tending to prove any material charge of wilful violation of the statute, as made in either the second or third counts of the declaration, and therefore the court erred in not directing the jury to find the defendant not guilty as to these counts. If we assume counsel's position as to the state of evidence to be correct, which we do not feel warranted in doing, still the court did not commit material error. It is conceded that the first count states a good cause of action, and the evidence tends to sustain it. C., W. & V. Coal Co. v. Moran, 210 Ill. 9 (16). In this connection complaint is made of the fifth instruction given on behalf of appellee. This instruction is substantially a copy of section 18 of the statute, prescribing certain duties of the mine examiner, and certain duties of the mine owner or operator. It is the section on which the second and third counts of the declaration are based.

The objection urged against this instruction is, that it applies wholly to the second and third counts, and that there is no evidence tending to prove a wilful breach of any duty imposed by that section. That section and the counts of the declaration based upon it, not only require the mine examiner to examine the mine, which we think the evidence and reasonable inferences deducible therefrom tend to prove that he did not in good faith do, but it requires that he shall make a record in a book, kept for that purpose, each morning before the miners are permitted to descend into the mine. The duty is imposed on the owner or operator not to let the miners into the mine until this daily record has been made, and when this record shows unsafe conditions, then it is the further duty of the owner or operator not to let the miners enter to work, except

under the direction of the mine manager, until all conditions shall have been made safe.

Now section 18 requires that the mine examiner shall visit the mine each day before the men are permitted to enter, and inspect the air-current and all places where men are expected to pass or work, observe recent falls, obstructions, accumulations of gas or other unsafe conditions, and that he shall make a record of the conditions of the mine in all these respects. It is a wilful violation of this statute on the part of the mine owner or operator, to let the men into the mine before a record has been made fully covering all the features which the statute requires shall be inspected. The mine examiner on this occasion entered in the book that he had examined the mine in accordance with section 4 of the mining laws, "and find the same free from dangerous gases, the air-current circulating properly, and the entries in safe condition," not a word about the conditions as to danger or safety at places where men are "expected to work." The working place of the miners at the face of the coal, engaged in driving the entry, is as much within the meaning of the statute as any other place in the mine. It is a place where "men are expected to work," and not an entry, and further the word entry does not appear in section 18. The record made does not even purport to be in pursuance of the requirements of section 18. We find no reversible error in the rulings of the trial court as to any of the instructions given, modified or refused.

Complaint is made of the remarks of counsel in his closing argument. We think they were not such as to warrant reversal of the judgment.

While this record is not wholly free from error, and few records are, the case is a meritorious case. It is apparent to the court that, on the whole, substantial justice has been done by the verdict of the jury and the judgment of the Circuit Court. In such case slight errors should not reverse.

The judgment of the Circuit Court is affirmed.

*Affirmed.*