## Adolph Convert, Appellee, v. Bishop & Babcock Company, Appellant.

## Gen. No. 14,908.

1. CONTRACTS—*when parol evidence incompetent*. Evidence of an oral agreement contemporaneous with a written contract in evidence, is incompetent.

2. CONTRACTS—*when parol evidence competent*. A new agreement, though verbal, made subsequent to a written contract, is competent.

3. ASSUMPSIT—*when voluntary payments cannot be recovered*. Money voluntarily paid under a claim of right, and with a knowledge of the facts on the part of the person making the payment or affected by it, cannot be recovered back on the ground that the asserted claim was invalid or unenforceable.

4. TRIAL—*when plaintiff entitled to open and close*. The plaintiff is entitled to open and close the arguments in an action sounding in contract where the. defendant has not withdrawn the plea of the general issue.

5. APPEALS AND ERRORS—*when errors will not reverse*. If substantial justice has been done by the verdict and judgment in a case, a reversal will not be ordered even if errors have been committed by the court below upon the trial in the admission or exclusion of evidence or in the giving or refusal of instructions.

Assumpsit. Appeal from the Superior Court of Cook county; the Hon. GEORGE A. DUPUY, Judge, presiding. Heard in this court at the October term, 1908. Affirmed. Opinion filed February 10, 1910.

**Statement by the Court.** The plaintiff who is a chemist entered into a written contract with the defendant dated February 18, 1895. By the terms of the instrument plaintiff agreed to give his time and services to defendant for ten years, in superintending and constructing plants in Chicago and other places for the manufacture of carbonic acid gas, superintending the manufacture of the gas, the construction of apparatus and machinery by which the gas is used and other duties. As compensation for his services plaintiff was to receive $3,000 a year in monthly installments, and as further compensation for designing and equipping de-

fendant's factories and for his services as a technical engineer and chemist plaintiff was to receive in addition to his salary one-quarter of one cent per pound for each pound of carbonic gas sold from the works. The agreement contemplated the construction of a plant for collecting, purifying and compressing the gas at the Peter Schoenhofen Brewing Co.'s works in Chicago and perhaps at other places, the gas to be collected from the brewing of beer at the works of the brewing company, with which company the defendant made a separate contract at the same time. By this last agreement the brewing company was to receive a royalty of a quarter cent a pound on the gas so collected. The plant at the brewing company's works was completed in June, 1895, and began operations.

It is contended in behalf of plaintiff that at the time of the execution of the written contract as above stated, and as an inducement to sign that contract in writing, the defendant offered to pay plaintiff an additional one-eighth cent a pound upon all gas manufactured at the Schoenhofen plant; that this was agreed to by the plaintiff and that he agreed to sign the contract upon that stipulation and understanding. The evidence offered to sustain this contention was excluded on the ground that evidence of a contemporaneous oral agreement as to additional compensation to that fixed by the written contract was not admissible because it tended to vary and contradict the written instrument.

The defendant pleaded the general issue to the plaintiff's declaration and gave notice of set-off to the effect that after the execution of the written contract the parties entered into a verbal agreement that inasmuch as it would tend to promote the efficiency of the gas plant at the Schoenhofen brewery to secure the active co-operation of the brewmaster there, and it could be so secured by paying said brewmaster one-eighth of a cent a pound on gas manufactured there, the plaintiff agreed that if such payment should be made to him, he would as agent for defendant pay the

said money to the brewmaster; that said payments were made by defendant to plaintiff beginning in June, 1895, and that the said money was paid over by plaintiff to the brewmaster until June, 1898, at which time a new brewmaster was employed at the brewing company plant, and thereafter plaintiff ceased paying any of such money so received by him to the brewmaster, but appropriated it to his own use; and that the sum so applied by plaintiff to his own use amounted to $9,204.75.

The issues were submitted to a jury, which found in plaintiff's favor, assessing his damages at the sum of $912.87, and the court entered judgment accordingly, from which judgment defendant appeals.

SHOPE, ZANE, BUSBY & WEBER, for appellant; W. F. CARR, of counsel.

LACKNER, BUTZ & MILLER, for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court.

It is urged in behalf of defendant that the court erred in admitting in evidence the alleged oral contract for payment to plaintiff of three-eighths cent a pound; that is not only the one-quarter or two-eighths cents a pound provided for in the written contract, but also the additional one-eighth cent a pound. It appears that the evidence of an oral agreement contemporaneous with the written contract in evidence was excluded when such affirmative proof was offered in behalf of the plaintiff suing to recover on the written contract. This ruling was manifestly correct. In such circumstances the written instrument controlled, and all prior or contemporaneous oral agreements not merged in the written contract were inadmissible. After the plaintiff had introduced evidence tending to show the sum alleged to be due and unpaid to him for royalties at the rate of a quarter cent a pound for gas manufactured,

in accordance with the terms of the written contract and had rested, the defendant introduced evidence to sustain its separate cause of action alleged by way of set-off in its first plea. This evidence tended to show that after the execution of the written contract between the parties the plaintiff represented it would be good policy to pay the brewmaster at the Schoenhofen Brewing Company's plant a sum equal to one-eighth cent a pound upon the gas sold from that plant. The inducement is said to have been that the brewmaster could materially assist in the manufacturing process by seeing that the air in the covered beer vat, which air it was necessary should not be mingled with the gas, should be expelled through the proper valve before any of the carbonic acid gas was allowed to pass through to the condensing plant; that to this end it was necessary the valves should be carefully and accurately managed, and their management and control was in the hands of the brewmaster. Such arrangement it is said was agreed to by defendant with plaintiff and the whole matter was left in plaintiff's hands, to make the arrangements and turn the money over to the brewmaster. This appears to have been done by plaintiff so long as the original brewmaster remained at the plant, but it is said that on June 7, 1898, a new brewmaster was employed there, and that from that time plaintiff retained the whole of the said sum of one-eighth cent per pound before paid to the brewmaster, and appropriated the same to his own use. In reply to this evidence introduced by defendant to maintain its claim of set-off, the plaintiff testified to an oral agreement with defendant, by which instead of a quarter or two-eighths of a cent a pound he claims it was agreed plaintiff should receive three-eighths of a cent a pound, it being understood that out of that three-eighths cent he was to use so much as he deemed proper as compensation to the brewmaster, who had, as plaintiff claims, assisted him in perfecting the invention, and to others also to whom he was or might be under obligations for

assistance in working out the enterprise and to make friends for the business. Plaintiff further testified to the effect that he received this three-eighths of a cent a pound from the defendant for ten years and that it was a voluntary payment on the part of defendant, made as it is contended by plaintiff's counsel "under a claim of right and with a knowledge of the facts." The evidence as to this agreement claimed to have been carried into effect subsequent to the written agreement under an oral agreement was admitted, and it is insisted that the court erred in so admitting it. We do not concur in this contention. It is impossible for us within appropriate limits here to review the evidence in detail and the arguments. It must suffice to say that we know of no rule of law which forbids parties to a written contract from making and subsequently executing a new agreement, oral or in writing, upon the same subject-matter if they choose so to do. The evidence as to such oral agreement was introduced to meet defendant's set-off against plaintiff. We are of opinion the trial court did not err in permitting its introduction. The defendant company is seeking to recover back upon an off-set or counter-claim the one-eighth cent a pound which it had been paying plaintiff for about ten years, or so much thereof as was not paid by plaintiff to the brewmaster. To meet this counter-claim the evidence of the plaintiff as to the oral agreement under which he claimed these payments had been continuously made ever since the parties began operations under the written contract, became competent and especially so since the defendant introduced evidence giving its version of the oral agreement under which the payments of the one-eighth cent in controversy were made.

It is urged that the court erred in refusing a peremptory instruction directing a verdict for defendant. The evidence on the questions of fact was conflicting and where such conflict exists it is peculiarly within the province of the jury to find the facts. It was not error

therefore to refuse the peremptory instruction requested by defendant's counsel, which it is argued "ought to have been given, because there was no oral contract." If it be true, as the jury seem to have found, that there was such an oral contract and that the extra one-eighth of a cent a pound now sought to be recovered back was voluntarily paid by the defendant through a course of years, such fact if established by the evidence precludes its recovery. The rule is we think correctly stated in Vol. 22, A. & E. Ency. of Law, 2d ed., 609, cited by plaintiff's counsel: "It is a well settled and universally recognized general rule that money voluntarily paid under a claim of right and with a knowledge of the facts on the part of the person making the payment or affected by it, cannot be recovered back on the ground that the asserted claim was invalid or unenforcible."

In view of what we have said, it is unnecessary to review the instructions complained of by defendant's counsel. We do not regard them as improper in view of the evidence. They certainly do not in our opinion justify the severe language used by defendant's counsel in reference to the trial court.

We are of opinion no error was committed in allowing the plaintiff the opening and closing arguments to the jury. The defendant had not withdrawn its plea of general issue and in this state of the pleadings the affirmative was with the plaintiff.

Upon the whole case it by no means appears that substantial justice has not been done by the verdict and judgment. "In such case this court will not reverse a judgment, even if errors have been committed by the court below upon the trial in the admission or exclusion of evidence or in the giving or refusal of instructions." Newkirk v. Cone, 18 Ill. 449, 454, cited in O'Donnell v. Armour Curled Hair Works, 111 Ill. App. 516-523.

The judgment of the Superior Court will be affirmed.

*Affirmed.*