## Charles Boyd Eshelman, Appellee, v. James Rawalt, Appellant.

1. APPEAL AND ERROR, § 1421*—*when error is harmless.* The rule that errors in rulings on the admission or exclusion of evidence or the giving, modifying or refusing of instructions will not cause a reversal of the judgment, where it is manifest that justice has been done and defendant has been deprived of no substantial right guaranteed him by law, applied in a case for alienation of the affection of plaintiff's wife, where defendant did not even deny the charges made against him in the declaration.

2. HUSBAND AND WIFE, § 281*—*when verdict for alienation is not excessive.* A verdict for $13,500 was not excessive in an action for alienation of the affections of plaintiff's wife, as the jury in such cases may give punitive as well as compensatory damages

3. HUSBAND AND WIFE, § 278*—*what may be considered in ascertaining damages for alienation.* In an action for the alienation of the affections of plaintiff's wife, who was the mother of three children, the eldest 13 years old, the mental anguish of the husband, the loss of the affection of the wife as well as the loss of the services and society of the wife may be taken into consideration by the jury in fixing damages; and the husband was entitled to substantial damages even if no resulting expense or loss of service was shown, and the verdict for $13,500 was not interfered with, where the court could not say that the jury were influenced by passion, prejudice or other consideration.

4. APPEAL AND ERROR, § 1514*—*when misconduct of counsel is harmless.* Misconduct of counsel in an action for the alienation of the affections of plaintiff's wife, although condemned, was not sufficient to warrant the reversal of the judgment, where defendant's conduct was reprehensible in the extreme, and it was manifest that justice was done.

Appeal from the Circuit Court of Fulton county; the Hon. ROBERT J. GRIER, Judge, presiding. Heard in this court at the April term, 1920. Affirmed. Opinion filed October 27, 1920.

M. P. RICE and HARVEY H. ATHERTON, for appellant.

W. S. JEWELL, CLAUDE E. CHIPERFIELD and BURNETT M. CHIPERFIELD, for appellee.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

MR. JUSTICE GRAVES delivered the opinion of the court.

Appellee obtained a judgment against appellant for $13,500 in the circuit court of Fulton county in an action of trespass on the case. It was averred in the declaration that appellant alienated the affections of the wife of appellee from him and debauched and carnally knew her. The proof establishes beyond doubt the truth of all the charges laid against appellant in the declaration. No jury could, upon the undisputed facts in this case, have failed to find appellant guilty. Appellant was in court during the trial and was called to the stand by the attorneys for appellee and gave testimony on some minor issue, but he nowhere took the stand to deny the charges made against him in the declaration. Appellant has argued his reasons why this judgment should be reversed under four heads, namely: "Errors in admission of evidence," "Error in instruction," "The verdict is excessive" and "Improper conduct of counsel."

The record in this case contains more than 400 pages. There are 104 pages in the abstract. There were 45 instructions handed up to the court to pass upon. Of these, 31 were given after some of them had been modified and 14 of them were refused. Numerous criticisms of the rulings of the court on the admission of evidence and the giving and refusing of instructions have been made, making a careful study of this entire record necessary. It is manifestly impracticable to discuss those criticisms *seriatim* in this opinion. It is enough to say, we have given careful consideration to each point made and find that in the main they are hypercritical and without merit, and that such as might be regarded as substantial in some cases are harmless in this case.

It is manifest that substantial justice has been done and that appellant has been deprived of no substantial right guaranteed him by law. Under that state of

facts, errors in rulings on the admission or exclusion of evidence or the giving, modifying or refusing of instructions will not cause a reversal of the judgment. *Pridmore v. Chicago, R. I. & P. Ry. Co.*, 275 Ill. 386-396 [14 N. C. C. A. 313]; *City of Chicago v. Jackson,* 196 Ill. 496-511; *Hewitt v. Jones,* 72 Ill. 218; *Beseler v. Stephani,* 71 Ill. 400; *Pahlman v. King,* 49 Ill. 266; *Boynton v. Holmes,* 38 Ill. 59; *McConnel v. Kibbe,* 33 Ill. 175; *Newkirk v. Cone,* 18 Ill. 449; *Convert v. Bishop & Babcock Co.,* 152 Ill. App. 516-521; *Kluge v. Crank,* 127 Ill. App. 39; *Henrietta Coal Co. v. Martin,* 122 Ill. App. 354.

In considering whether the amount of the verdict and judgment is excessive it must be remembered that it was within the power of the jury to give punitive as well as compensatory damages. The purpose in allowing punitive damages is to punish the wrongdoer and give warning to others similarly inclined that may deter them from committing like offenses. *Browning v. Jones,* 52 Ill. App. 597. In cases of this character the damages to be awarded are not limited to the exact amount of pecuniary loss sustained by the husband. In such cases mental anguish of the husband, and loss of the affection of the wife, as well as the loss of her services and society including conjugal relations, may be taken into consideration by the jury in fixing the amount of damages to be awarded to the husband; and he is entitled to substantial damages even if no resulting expense or loss of service is shown. *Shannon v. Swanson,* 208 Ill. 52-55. There is no exact rule by which such damages either compensatory or punitive can be admeasured. When such damages have been fixed by a jury, their verdict should be conclusive on that question, unless the court can say they were influenced by passion, prejudice or other improper consideration. There is nothing discoverable in this case to indicate that the jury were influenced by any improper motive in fixing the damages. Neither does

the amount of the damages fixed by them appear to be disproportionate to the damages sustained by appellee. The proofs tend to show that the wife of appellee, the mother of his three children, the oldest of which was but 13 years of age, had previous to her meeting with and infatuation for appellant, been a virtuous, affectionate wife and mother, enjoying the society and association of her husband, keeping his house and performing her part of the family duties and enjoying the respect of the community in which she lived. Since her debauchery by appellant she has lost her affection for her husband as well as her interest in her home and family duties, and repels her husband's advances. Apparently there is no prospect of this husband and wife becoming rehabilitated in the respect for and confidence and mutual interest in each other that heretofore existed. Appellee was assuredly entitled to a liberal allowance as compensatory damages.

On the question of punitive damages, the jury had a right to consider the conduct of appellant in this transaction as shown by the evidence. Not only did he debauch the wife of appellee, but when he was overtaken in his infamy he attempted to forestall all attempts to induce her to return to her husband and to a virtuous and upright life, and by words and physical force undertook to induce her to continue in his company, and even after she had returned to her home, appellant wrote a letter to a relative of appellee's wife in which he said, "Please tell Rosa that I am lonesome and have not changed a bit in my feelings." While this letter was written after the return of appellee's wife to his home, it serves to characterize the relations between appellant and the woman while they were together, and the impulses controlling him in seeking those relations. The conduct of appellant was reprehensible in the extreme and showed him to be regardless of the laws of God and man, and the rules of so-

Eshelman v. Rawalt, 220 Ill. App. 69.

ciety; and the jury could not help but recognize his utter abandonment to lust and depravity. With these things in mind the jury fixed the damages appellee should recover. We do not know how much they regarded as compensatory and how much as punitive damages. Whatever may have been the apportionment made by the jury between the two kinds of damages, we are satisfied the total amount fixed is well within the rules of justice and the rights of the parties under the law and the facts in this case.

Appellant complains bitterly of the conduct of one of the counsel for appellee in the trial of this cause in the circuit court. It is difficult for this court to place itself in the position of the trial court and see with the eyes and hear with the ears of that court the running fusillade of interruptions, contradictions, cross-talk and side remarks that the record shows was indulged in over repeated objections of counsel for appellant, and persisted in over the repeated warnings and admonitions of the court, or to feel the atmosphere of disrespect for all rules of professional ethics in the practice of law, that apparently prevailed during the trial of this cause; but one thing is apparent from this record, and that is that the trial judge must certainly have been the personification of "Patience on a Monument" to be able to refrain from employing summary means of enforcing proper decorum. While this disorderly conduct reached nearly to the limit, we are unable to say the jury were influenced thereby to the detriment of appellant. We certainly do not wish to be understood as placing the stamp of approval upon such conduct as is above referred to, but it would be unwarranted for us to reverse this judgment and thereby penalize appellee for the conduct of his counsel for which it does not appear he was in any way responsible, particularly when there is nothing to indicate appellant was injured by the course pursued.

The judgment is right and is affirmed.

*Judgment affirmed.*