### Mrs. Claude Reed, Appellant, v. Alton Water Company and City of Alton, Appellees.

220

Opinion filed July 21, 1939.

G. EDMOND COOK, of Madison, for appellant.

WHEELER, OEHMKE & DUNHAM, of East St. Louis, for certain appellee; E. FRED GEROLD, JR., of East St. Louis, of counsel.

FRANK W. TUNNELL, Corporation Counsel, for certain other appellee.

MR. JUSTICE EDWARDS delivered the opinion of the court.

During the winter of 1935–1936, which was severely cold, a water meter of the Alton Water Company became frozen and as a consequence the escaping water ran into Doris street and thence down a hill to where Doris street intersects Broadway. Here the accumulating water froze and formed an ice coating over the pavement of about six inches in depth, the surface of this ice being rough and bumpy and more or less honeycombed with holes.

On February 25, 1936, plaintiff, together with her husband and child, were visiting at the home of Earl Henry in Wood River. At about seven o'clock in the evening they started for Alton, Earl Henry driving the car, and with him in the front seat was plaintiff's husband, Claude Reed. The plaintiff, Mrs. Reed, occupied the rear seat with her baby and two children of Henry. Shortly before they reached the intersection of Broadway and Doris streets another car, driven by Edwin Rhodes, passed them; the latter reduced his speed when he saw the ice hummocks, and had just gotten his two front wheels on the ice when the car driven by Henry ran into the rear of his car.

As a result of the collision Mrs. Reed suffered various injuries and was taken to a hospital for treatment. She afterward brought suit against the city of Alton and the Alton Water Company to recover damages for the injuries so sustained. A jury found the issues of fact in favor of both defendants, a motion for a new trial was overruled, and judgment entered upon the verdict, from which plaintiff has appealed.

Plaintiff urges that the verdict is contrary to the weight of the evidence, while defendants contend that she did not prove that she was, just prior to and at the time of the collision, in the exercise of due care for her safety.

It appeared that there was a street light at the intersection and that the accumulated ice was visible for some distance; that when Rhodes, in reducing his speed, pressed upon the foot brake, it caused the stop light on the rear of his car to become illuminated; that same might have been seen by the plaintiff, and that she did not warn the driver, Henry, as to the icy condition of the pavement, or the presence of Rhodes' car just ahead of them, and admonish him to slow down.

A further serious question was whether or not, at the time, Henry was intoxicated. The proof shows

that Reed had been drinking, and, as Henry says, he thought he had better take him home; that about four o'clock p. m. Reed stated that he wanted to go down town for another drink; that he and Henry went out together, and that they did not return until about seven o'clock, when they started for Alton. Henry, upon examination in chief, stated that he drank no liquor that day; however, the proof shows that after the occurrence he was taken to the police station and locked up for the night; that he refused to give his name to the officers, was loud and boisterous the greater part of the night, and that he created a disturbance. Three police officers with a wide experience in the observation and handling of intoxicated persons, who saw and heard him and observed his condition, stated that he was drunk, one of them smelling liquor on his breath; in addition it appeared that Henry, while driving to Alton, killed his engine on a hill and allowed the car to roll down hill to a filling station where he spent about 10 minutes in an unsuccessful effort to start the car; that a person in another car offered to and did push the Henry car for about two blocks, and that when he ceased doing so Henry pulled to the curb; that he then remembered or was reminded that the reason for his inability to start his car was due to his failure to turn on the switch, and that directly afterward he threw on the switch and without difficulty started the car.

Mrs. Reed testified that her husband was drunk at the time, but as far as she knew Henry had not been drinking. John Pinta, a bystander at the time of the collision, stated that he was about five feet from Henry, that he did not stagger, and "was not drinking that I know of." Mrs. Reed testified that her husband was not drunk before he left with the Reeds for Alton. It appeared from the police records that the occurrence took place about half past nine o'clock, and that

Henry was brought to the station 30 or 40 minutes later.

Whether or not Henry, during the drive from Wood River to Alton, was under the influence of liquor was a fair question for the jury, as will be seen from his conduct and manner of driving, his failure to remember that the switch of his car was turned off, his trying unsuccessfully for 10 minutes to start same and then, when he recollected or it was suggested to him that he turn on the switch, he did so and at once started; his trip down town with Reed when the latter went avowedly to secure more liquor; the fact that they were gone two hours or more; that Reed was admittedly drunk, and that Henry, about a half hour following the collision, at the police station demeaned himself after the manner of an intoxicated person and was locked up until morning. All these various circumstances constituted abundant proof to justify the jury in finding that Henry was drunk at the time of the accident.

Plaintiff had the burden of proving that she was not guilty of negligence which proximately contributed to cause the collision, and while the negligence of Henry, the driver, could not be imputed to her, still she was required to show that she was in the exercise of due care for her own safety. Whether she used such care, under the circumstances, in not noticing the car ahead of them until about to collide with it, or failing to note the condition of the street, and not warning the driver as to each of such facts, her riding in a car with a driver, after dark, who is proven to have been intoxicated at the time, were all circumstances for the consideration of the jury, and we think their finding was warranted by the evidence.

It is further contended that the trial court erred in giving to the jury certain instructions tendered by defendants. We have examined the charge and find

that the objections made are technical. We think the instructions, as a series, were a fair exposition of the law pertaining to the case and where such is true the charge is sufficient; *People v. Lawson,* 331 Ill. 380; *People v. Storer,* 329 Ill. 536.

Lastly it is asserted that error was committed in permitting defendants' witness Harry Young to testify that the water company had several hundred frozen mains and meters during the winter in question. We have examined the abstract as to such matter and find that plaintiff did not object on the trial to such testimony, hence she cannot be heard to complain on appeal; *Postal Telegraph-Cable Co. v. Likes,* 225 Ill. 249.

From the record we are satisfied that the verdict and judgment represent the substantial justice of the case, and where such is true the judgment must be affirmed; *Ford v. Ford,* 257 Ill. 341; *Beseler v. Stephani,* 71 Ill. 400.

*Judgment affirmed.*