Yates *v.* Shaw.

JOHN YATES, Appellant, *v.* THOMAS SHAW, Appellee.

APPEAL FROM PEORIA.

Although the government surveys should rule, where they can be ascertained, yet if parties agree upon other lines of division, they will be estopped thereby.

What a party stated in reference to a boundary line, at the time he was supposed to have recognized it by planting a hedge, is proper evidence for a jury, as a part of the same transaction.

THE facts of this case are stated in the opinion of the court.

GROVE, McCOY & HARDING, for Appellant.

MANNING & MERRIMAN, for Appellee.

WALKER, J. This was an action of *quare clausum fregit*, instituted in the Peoria Circuit Court, by appellee against appellant, for breaking and entering his close on the S. E. 11, T. 10 N., 7 E. of the fourth principal meridian. An issue was formed on the plea of not guilty; a trial was had by the court and jury, which resulted in a verdict of twenty-five cents in favor of plaintiff. The defendant thereupon entered a motion for a new trial, which was overruled by the court, and judgment rendered on the verdict, from which defendant prosecutes an appeal.

This controversy grows out of a disputed boundary line between adjoining quarter sections. As a general rule, the lines and corners of lands established by the government surveys, when it was first surveyed, platted and recorded, must control when they can be ascertained and identified. But owing to the wild, unsettled condition of the country at the time, the want of skill and experience of the men employed in many instances, the want of care and attention in others, the imperfection of instruments used, the variation of the needle, and the obliterating effects of time, it is, in most cases, a matter of no small difficulty to ascertain, with certainty, where such corcorners and lines were established by the government. Many of the most skillful and experienced surveyors differ more or less in determining where they were located. Lines and corners that are supposed to be fixed and established by one surveyor are overturned or left in doubt by another, at a subsequent period. In all matters of uncertainty and dispute, the parties may, without doubt, compromise and end the dispute. And they may as certainly fix by agreement, the boundary lines separating their lands, as other disputes. And when they have thus agreed upon the position of such boundary, and have acted upon it as the true line, they should be estopped from asserting another and different line. Slight acts which may be construed into such an agreement, should not, however, be held to conclude the parties. To have that effect, they should be clear and satisfactory, and not doubtful and equivocal in their character. When the agreement of the parties to adopt a particular boundary is shown, and possession is taken and held according to such agreement, the parties are estopped to dispute that, as the true boundary, and when the fact is satisfactorily established, it is sufficient. And while it may be true that it does not alter or change the original location of such line, still it must be regarded as the true line, and the parties concluded from disputing it. If it was proved that the McFadden line was by agreement adopted and acted upon as the boundary, and that the

parties, in pursuance of that agreement, erected fences or hedges on that line, and took possession in conformity to it, they are now concluded from denying that it was properly and truly located.

It is urged that the court erred, in refusing to give the fifth, sixth, seventh and eighth of defendant's instructions. Had there been no evidence tending to prove that the parties agreed to adopt the line run by McFadden, they would undoubtedly have been correct, and should have been given, but with such evidence, they were properly refused, unless they had been qualified so as to have announced to the jury, that they should be governed by the surveys as made by the government, unless the parties had agreed upon a definite boundary, and had taken possession and held in accordance with the agreement. As they were asked, we perceive no error in their refusal.

The next objection urged is, that the court erred in excluding a portion of the evidence of Dr. Yates, who testified, that when the appellant was planting the hedge, he said the survey was not correct, but as he had the plants he would rather not lose them, and could afterwards use the land south of it for a locust grove. This was excluded from the jury, and it could only have been because it was supposed, the declaration of the party in his own favor, was inadmissible. At the time he made this declaration, he was engaged in planting the hedge on the McFadden line, which fact was proved as an admission or act of his, recognizing that line as the true boundary. And if his acts were evidence against him, it seems to us that what he then said in explanation of the act, was equally admissible. It was a part of the transaction, and should have gone with the act, and been considered by the jury with all the other evidence in the case, and should have had at their hands, the weight it was entitled to receive.

In determining the question of the adoption of a line as a boundary, the declarations and acts of the parties, connected with the transaction, are admissible, to explain the intention of the parties. The court therefore erred in excluding this evidence, and for that reason the judgment of the court below must be reversed, and the cause remanded.

*Judgment reversed.*