## CHARLES O. BOYNTON
### *v.*
## HENRY HOLMES.

$\frac{38 \quad 59}{77a \ 608}$

1. ERROR—*will not always reverse.*  A judgment will not be reversed for erroneous instructions, if it is clear from the evidence that the verdict was right and full justice has been done.

APPEAL from Circuit Court of DeKalb County; the Hon. T. D. MURPHY, Judge, presiding.

This was an action of assumpsit, commenced in the Circuit Court of DeKalb County, on the 4th day of February, 1863, by the appellee against the appellant.

The declaration contained the common counts for goods, wares, and merchandize sold and delivered; for money lent and advanced; for money laid out and expended; for money had and received; and on account stated.

The plea was the general issue.  The cause was tried at the September term, 1864.

On the trial it appeared that on the 14th day of May, 1855, the appellee, with one William H. Rowin, executed to the appellant their note for the sum of $64 50, payable six months after date, with interest at the rate of ten per cent. after maturity.  Attached to the note was a letter of attorney, authorizing the entry of a judgment by confession thereon, in favor of the payee or his assigns.  It further appeared in evidence, that the appellee paid the note shortly after it became due, but neglected to take it up or have it cancelled.  Afterwards, on the 28th day of February, 1862, the appellant having indorsed the note to his father, John Boynton, caused a judgment to be entered upon it in his name, which was collected by a sale of the appellee's property under an execution issued on the judgment.

On the trial the appellee asked for the following instructions:

1.  The jury are instructed that if they believe, from the

evidence, that the defendant, Charles O. Boynton, either as agent for John Boynton or otherwise, has spread upon the record of this court in a suit which has been determined and adjudicated, the fact that the note given in evidence in this suit was assigned before it became due, then said Boynton is not permitted to show the contrary in this suit, and the plaintiff is entitled to recover, if the jury further believe that the note was paid by Holmes before judgment was rendered on it.

2. The jury are instructed that the presumption of law is, that the note given in evidence in this case was assigned before it became due, and in that case the plaintiff in this suit could not have defeated a recovery in the suit of John Boynton against him and Rowin, and is therefore entitled to recover, if the jury further believe that the note had been paid by Holmes before judgment was rendered on the note.

Which were given.

The appellant asked for the following instructions:

1. Although the jury may believe from the evidence that the note upon which the judgment was rendered was indorsed and delivered to John Boynton by and through an agent before the maturity, nevertheless if the jury believe that Holmes, the plaintiff, had a defense to such note as against the payee thereof; and that the agent of John Boynton, at the time of the purchase of such note, had knowledge of such defense, then John Boynton, in contemplation of law, had knowledge of such defense, and the plaintiff in this suit can not recover.

2. If the jury believe from the testimony, that the note introduced in evidence in this case, was sold and assigned by the defendant in this suit to John Boynton, after the same became due, then the jury will find for the defendant.

3. Unless the jury believe from the testimony that the note introduced in evidence by the plaintiff was sold, indorsed and delivered by defendant to John Boynton before its maturity, they will find for the defendant.

4. If the jury believe from the evidence, that the note introduced in evidence in this case by the plaintiff was sold, indorsed and delivered by the defendant to John Boynton, after the same became due and payable, then they will find for the defendant.

Which were refused.

The jury found a verdict for the appellee, upon which a judgment was rendered in his favor. Thereupon the appellant appealed, and assigned for error, the giving of the appellee's instructions and the refusal to give those of the appellant.

Messrs. GLOVER, COOK and CAMPBELL, for the appellant.

Mr. CHARLES KELLUM, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court :

It appears from the record in this case, that appellee had paid the note in full to the appellant, the original payee, who afterwards assigned it to his father, John Boynton, and had the papers prepared, and procured appellee to confess a judgment in favor of John Boynton. This judgment was collected by a sale of appellee's property, under an execution issued upon it. This suit was brought to recover back this money of appellant, which he had himself once received of appellee.

Though the instructions given by the court for appellee, were technically wrong, yet as it is perfectly clear, from the evidence, that the verdict was right, and that full justice has been done in the case, we will not, because of error in the instructions, reverse the judgment. *Leigh* v. *Hodges*, 3 Scam. 18; *Gillett* v. *Sweat*, 1 Gilm. 490; *Newkirk* v. *Cone*, 18 Ill. 454; *Elam* v. *Badger*, 23 ib. 502.

Appellant has been twice paid by the appellee, and once should satisfy him. The second payment he ought in justice to refund with interest, and that is the verdict of the jury and the judgment of the Circuit Court. The judgment is affirmed.

*Judgment affirmed.*