# LEONARD CUTLER

## *v.*

## ISAAC CALLISON.

1. BOUNDARY LINES—*may be settled by parol agreement.* Although the title to real estate can not be transferred by parol, yet it is well established that the owners of adjoining tracts of land may, by parol agreement, settle and permanently establish a boundary line between their lands, which, when followed by possession according to the line so agreed on, is binding and conclusive, not only upon them, but upon their grantees.

2. INSTRUCTIONS—*should not make improper intimations.* Where the weight of the evidence in a case shows such a contract as is insisted upon by one of the parties, the court should not instruct the jury that any loose talk on the subject between the parties could have no bearing against the party asking the instruction, as to do so would be intimating to them that the evidence on the subject was mere loose talk.

APPEAL from the Circuit Court of Fulton county; the Hon. CHAUNCEY L. HIGBEE, Judge, presiding.

Mr. S. CORNING JUDD, for the appellant.

Messrs. SHOPE & GRAY, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action of ejectment, brought by appellant, against appellee, in the circuit court of Fulton county, to recover a strip of land six rods wide off the west side of the south-east quarter of the south-west quarter of section 2, township 8 north, range 1 east. The object of the suit was to settle the true line between the south-west and south-east quarters of the south-west quarter of section 2.

The cause was tried before a jury, and a verdict returned in favor of appellee. A motion was made for a new trial, which the court overruled, and rendered judgment upon the verdict.

Upon the trial of the cause, much evidence was introduced for the purpose of showing the true line between the two tracts of land, as established by the original survey of the section, but in the view we take of the case, it is not material to examine and consider that portion of the evidence, as the decision of the case rests entirely upon other grounds.

It appears, from the record, that Jacob Dorman originally owned the two tracts of land. There was then a fence dividing them, supposed to be on the true line. On the 29th day of December, 1859, Dorman conveyed to appellee the east half of the south-west quarter of the south-west quarter of section 2, and on the 18th day of February, 1866, he conveyed the 40-acre tract adjoining this on the east to appellant.

On the trial, appellee proved by Dorman and himself that at the time he purchased, it was understood and agreed that the east line of his land came to the fence then standing between the two tracts of land; that in the first instance he contracted for 20 acres, but the land in the field he purchased overrun, and he then gave Dorman $25, in addition to the contract price, and it was agreed that he should have all the land in the field, his east line extending to the fence. This fence was on what was then known as the Rigdon line. Appellant claims the true line is six rods further west.

The admission of this parol evidence was objected to by appellant, and the decision of the court upon the point is now urged as a ground of reversal.

The question presented in another form is this: Dorman owned the land on the east side of the line; he conveyed to appellee the tract on the west side of the line. Was it competent for them to settle and determine the line between their lands by parol, which would be conclusive on them and their grantees?

While it may be regarded as well settled, that the title to real estate can not be transferred by parol, yet it is a principle well established, that the owners of adjoining tracts of land may, by parol agreement, settle and establish permanently a boundary line between their lands, which, when followed by possession according to the line so agreed upon, is binding and conclusive, not only upon them, but their grantees.

This principle proceeds upon the ground, not that title can pass by parol agreement, but that the extent of the ownership of the land of each has been agreed upon, settled and finally determined. *Crowell* v. *Maughs*, 2 Gilman, 419; *Kess* v. *Norton*, 12 Wendell, 127; *McCormick* v. *Barnum*, 10 Wendell, 109; *Vasbrough* v. *Teator*, 32 N. Y. 561.

The courts always look with favor upon the adjustment of controverted matters of this character by agreement of the parties in interest, and when an agreement to establish a boundary line is fairly and clearly made, and possession of the land held according to the line so agreed upon, no reason is perceived why such agreements should not be conclusive.

It is true, the language used by Dorman and appellee in making the agreement was not as technical, perhaps, as others, more skilled in the law, would have used, yet, from the terms of their contract, there can be no doubt as to the intention, and the evidence was proper to go to the jury for the purpose for which it was introduced.

Neither was the admission of this evidence and the first instruction given for appellee in conflict with the doctrine announced in the case of *Mills* v. *Graves*, 38 Ill. 455, as insisted by appellant. The facts in that case presented a question essentially different from the one under consideration, and while the law as declared in that case is clearly correct, it can not be regarded as an authority to govern the questions involved in this.

It is also urged by appellant that the court erred in giving appellee's fifth instruction, which was as follows:

"The jury are instructed, that it is perfectly competent for parties owning adjoining tracts of land to settle, by agreement, where the division line shall be; and if the jury shall believe. from the evidence, that the plaintiff and defendant owned adjoining tracts of land, and any question or dispute had arisen as to where the line now in controversy was, and the plaintiff and defendant agreed upon the line and established it, as between themselves, then, in that case. it is wholly immaterial where a survey would put the line. Each party is bound by his agreement, and in determining whether there was such agreement and fixing of the line, it is competent for the jury to take into consideration acts and statements of the parties at the time, the acts done by each, and the fixing and adjustment of fences and improvements by them, under such agreement, if any are proven."

Under the proof in the case, this instruction was clearly correct. Appellee testified, that in the spring of 1867 or 1868, he and appellant agreed upon the line where the old fence stood as the true line, and agreed to set out a hedge upon it. One of the parties furnished the plants, and the other set them out. James J. Babbitt testified, that he had a conversation with appellant, three years ago, in regard to the hedge. Appellant said he and appellee agreed to this hedge as a permanent line. He showed a stone culvert he had put across a slough on the line of the hedge, and said it was to be

a permanent line; that he and appellee had agreed to that line, and made it permanent. Another witness testifies to the same thing.

Appellant testified that he knew of the trouble about the line, and that he agreed with appellee to put out the hedge on the line of the old fence, which should be a permanent line between their lands, but he claimed it was further understood, that if the hedge did not turn out to be on the true line, then he and appellee were to sell and buy, as the case might be, to come to the hedge.

The evidence was ample upon which to predicate the instruction, and if the parties to the record, in order to settle a controverted line between their lands, agreed upon a boundary line as permanent, we see no reason why they should not be concluded by such an agreement. The third instruction of appellant was properly refused, for the reason there was no evidence upon which to base it, and it was liable to mislead the jury. By the instruction, the court was asked to tell the jury that any loose talk between the parties about fixing upon and agreeing to a division line or fence between them, can have no bearing against the plaintiff's right to recover in this action, unless the division line being disputed was unconditionally agreed and fixed upon by and between the parties.

Had the proof on the point in question been mere loose talk, then, no doubt, the instruction would have been correct; but the weight of evidence shows a contract, and it would have been improper for the court to have intimated to the jury that the evidence on that subject was mere loose talk.

It is also urged that the court admitted improper evidence for appellee, and refused evidence of appellant which should have gone to the jury. While this position has been argued with apparent force by the counsel for appellant, yet, upon a careful inspection of the record, it clearly appears that the case has been fully and fairly presented to the jury upon its merits, and we fail to perceive that injustice has been done

appellant. Under such circumstances, this court has uniformly held that the judgment must be affirmed. *Tolman* v. *Race*, 36 Ill. 472; *Boynton* v. *Holmes*, 38 Ill. 59.

The judgment will therefore be affirmed.

*Judgment affirmed.*