## JOSEPH WHITE

### v.

## FRANK GALE.

1. WHERE NO WRITTEN PLEADINGS ARE REQUIRED, RIGHT TO RECOVER ON DEFENDANT'S THEORY.—Where no written pleadings are required, there can be no valid objection in permitting a plaintiff to adopt the view of the defendant as to the terms of a contract and where the plaintiff has claimed an absolute contract, he may be allowed to establish a liability upon a conditional contract as made out by defendant's theory of the case.

2. INSTRUCTIONS.—An instruction that "the law requires the plaintiff to make clear and satisfactory proof of the contract, as claimed by him; therefore if you believe the evidence in this case is such as to leave the real terms of the contract between the parties in doubt, the plaintiff can not recover." *Held*, that the degree of proof required by this instruction in order to entitle plaintiff to recover is greater than required by law. If the preponderance of the evidence is in favor of plaintiff's version of the contract, the jury should so find, although they may have had some doubt concerning it.

ERROR to the County Court of Stephenson county; the Hon. HENRY C. HYDE, Judge, presiding. Opinion filed February 29, 1884.

This action was instituted by the plaintiff in error before a justice of the peace of Ogle county, to recover of the defendant in error damages for a failure to deliver his crop of clover seed raised in 1879, upon an alleged contract made in September, 1879. The plaintiff in error recovered before the justice and the defendant appealed to the County Court of Ogle county. The venue was changed to the County Court of Stephenson county, and upon a trial before the court and jury, a verdict and judgment were rendered for the defendant, and the plaintiff appealed.

The plaintiff gave evidence tending to prove that in September, 1879, the defendant sold and agreed to deliver to the plaintiff his crop of clover seed for $3.70 per bushel if delivered in September, or $3.60 per bushel if delivered during the month of October; that he was ready and willing to receive the same and able to pay for it, but the defendant refused to

deliver it; and also the damages sustained by him. The defendant does not deny the contract of sale but claims, and introduced evidence tending to show, that a condition was attached to the contract to the effect that he would deliver the seed "if he could get it hulled." As an excuse for not delivering the seed, he claimed and gave evidence in support thereof, that he could not, by reasonable diligence, comply with the condition.

Mr. J. C. GARVER and Messrs. NEFF & STEARNS, for plaintiff in error; as to instructions, cited Evans v. George, 80 Ill. 51; Martin v. Johnson, 89 Ill. 537; Hatch v. Marsh, 71 Ill. 390; Chesney v. Meadows, 90 Ill. 430; Frame v. Badger, 79 Ill. 441; Ottawa, O. & F. R. V. R. R. Co. v. McMath, 4 Bradwell, 356; Herrick v. Gary, 83 Ill. 85.

Mr. N. C. WARNER and Mr. J. C. SEYSTER, for defendant in error; that the plaintiff in error can not take inconsistent or contradictory positions, cited Thompson v. Howard, 31 Mich. 369; Jewett v. Pettit, 4 Mich. 508; Rodemund v. Clark, 46 N. Y. 354; Kellogg v. Turpie, 2 Bradwell, 61.

Although written pleadings were not required in this case, still the proof must be confined to the demand set up: The People v. Oneida Co., 21 Wend. 21.

PILLSBURY, J. It is claimed by defendant in error that no recovery can be had by the plaintiff unless he establishes an absolute contract as claimed to exist by him, even though it should appear that the defendant was liable upon his own theory of the case. In this we can not concur.

One of the objects of the statute in dispensing with written pleadings before justices of the peace, is to enable the parties to obtain a trial upon the merits of the case; and in cases thus commenced and prosecuted, all the evidence introduced bearing upon the real transaction claimed to exist between the parties should be considered, and if it shows a right of recovery, the plaintiff should not be defeated upon the mere technicality that the evidence of the defendant rather than that of the plaintiff establishes the true contract and its breach.

The cause of action is the failure by defendant to deliver his clover seed as agreed, and the mere fact that the plaintiff claims the contract was an absolute one would not deprive him of his action, if the whole evidence shows a right of recovery. Besides, where no written pleadings are required, there can be no valid objection in permitting a plaintiff to adopt the view of the defendant as to the terms of the contract, and to establish a liability upon the defendant's theory of the case.

The eighth instruction given for the defendant is clearly erroneous, and scarcely defended by counsel. It is as follows:

"The law requires the plaintiff to make clear and satisfactory proof of the contract, as claimed by him; therefore, if you believe the evidence in this case is such as to leave the real terms of the contract between the parties in doubt, the plaintiff can not recover."

The degree of proof required by this instruction in order to entitle the plaintiff to recover is greater than required by law. Under this instruction, if the jury entertain any doubt upon the terms of the contract, they were obliged to find for the defendant. If the preponderance of the evidence is in favor of the plaintiff's version of the contract, the jury should so find, although they may have some doubt concerning it.

Instructions of this character have been frequently condemned by the courts of this State. Ruff v. Jarrett, 94 Ill. 475; Protection Life Ins. Co. v. Dill, 91 Ill. 174.

The eleventh instruction for the defendant was calculated to mislead the jury, as it conveys to them the idea that certain statements of the defendant were made in casual conversation with the witnesses.

The jury should be left free to find from the evidence the character of such conversations, and the weight to be given to any statement proved to have been made by the defendant. Cutler v. Callison, 72 Ill. 113; Straubher v. Mohler, 80 Ill. 21.

Without expressing any opinion upon the weight of the evidence, we reverse the judgment of the county court, and remand the cause for the errors indicated.

Judgment reversed.