H. BERGHOEFER

*v.*

JOHN FRAZIER.

*Filed at Mt. Vernon June 19, 1894.*

1.  BOUNDARY LINE—*fixed by parol agreement of the parties.*  A parol agreement as to a division line between two tracts of land, not followed by possession in accordance with such line, will not pass title, or authorize ejectment by one party against the other.

2.  It is well established that the owners of adjoining tracts of land may, by parol agreement, settle and establish, permanently, a boundary line between their lands, which, when followed by possession according to the line so agreed upon, is binding and conclusive between them and their grantees.

3.  In such case, the line is established, not by transfer of title of either to the other, as that can only be done by deed properly executed, but such settlement determines the location of the existing estate of each, and, when followed by possession and occupancy, binds them, not by way of passing title, but as determining the true location of the line between their lands.

4.  SAME—*established by agreement—estoppel to dispute.*  Where the owners of adjoining premises have agreed upon the line, or agreed upon a mode by which it shall be determined, and have accepted and acquiesced in it by the unequivocal act of taking possession according to the line, they and their grantees are estopped from afterwards disputing it.

5.  NEW TRIAL—*on the evidence.*  The finding of the facts by the court trying an action of ejectment without a jury, will not be disturbed, on appeal, unless clearly against the weight of the evidence.

APPEAL from the Circuit Court of St. Clair county; the Hon. A. S. WILDERMAN, Judge, presiding.

Mr. R. W. ROPIEQUET, for the appellant.

Mr. JAMES M. HAY, for the appellee.

Mr. JUSTICE SHOPE delivered the opinion of the Court:

This was an action of ejectment, by appellant, against appellee, in the circuit court of St. Clair county, to recover a

strip of land twenty-three feet wide at one end and running to a point at the other, claimed to be a part of survey No. 73 of the Common Fields, Cahokia. The cause was tried by the court without a jury, resulting in a finding that defendant was not guilty, and a judgment against the plaintiff for costs.

Plaintiff relies for reversal of the judgment upon two grounds. First, that the evidence shows that he and his immediate grantor of survey No. 73 were in the actual occupancy of the strip in question for more than twenty years prior to the alleged unlawful entry by the defendant. In respect of this contention it must be said that the evidence is conflicting and irreconcilable, the question of occupancy depending upon the location of fences or a fence, made of logs, removed many years ago. The court, sitting as a jury, heard the testimony of the witnesses, with opportunity to observe their demeanor and bearing, and had means of determining their credibility and the weight that should be given their evidence which we do not possess. It has been uniformly held, in such cases, that the finding would not be disturbed, on appeal, unless clearly against the weight of the evidence, and such, we can not say, is the case here. *Ogilvie* v. *Copeland*, 145 Ill. 98, and cases there collated.

The second ground relied upon is, that before the bringing of this suit there had been a parol adjustment and practical location of the line of said survey No. 73 between plaintiff and defendant, who was adjoining owner. It is sufficient to say in respect of this contention, that if it be conceded that the parol agreement between the parties, as adjoining owners, authorized the finding of the division line in the manner pursued, it would not follow that ejectment would lie to recover the land in question. The title to the land would not pass under the agreement, and to make it effective by way of estoppel, it was necessary that the line established by agreement should be followed by possession according to that line. *Yates* v. *Shaw*, 24 Ill. 367; *Bauer* v. *Gottmanhausen*, 65 id.

499; *Kerr* v. *Hitt,* 75 id. 51; *Cutler* v. *Callison,* 72 id. 113; *Fisher* v. *Bennehoff,* 121 id. 426; *Bloomington* v. *Cemetery Ass.* 126 id. 221.

The principle is well established, that the owners of adjoining tracts of land may, by parol agreement, settle and establish permanently a boundary line betwen their lands, which, when followed by possession according to the line so agreed upon, is binding and conclusive upon them and their grantees. The line is established, not by transfer of title of either to the other, because that can only be done by deed properly executed, but such settlement determines the location of the existing estate of each, and, when followed by possession and occupancy, binds them, not by way of passing title, but as determining the true location of the boundary line between their lands. Having agreed upon the line, or agreed upon a mode by which it shall be determined, and having accepted and acquiesced in it by the unequivocal act of taking possession according to the line, they and their privies are estopped from afterwards disputing it. The estoppel arises from the act of the parties in taking possession and occupying their respective tracts to the line thus agreed upon and determined. In the case at bar the defendant at once repudiated the line as fixed, and retained possession of the strip of land in controversy, and there has been no possession acquired or taken by the plaintiff according to the line claimed to have been established by the agreement of the parties. It is therefore clear that there has been no practical location of the line by which the parties are estopped. The agreement of the parties, though in writing, was ineffectual to pass title to land, and whatever remedies plaintiff may have thereunder, it is insufficient to authorize a recovery in ejectment.

There is no substantial error in this record, and the judgment will be affirmed.

*Judgment affirmed.*