JOHN LINNERTZ

*v.*

JOHN DORWAY *et al.*

*Opinion filed October 24, 1898.*

1. EJECTMENT—*estoppel in pais not available in ejectment.* An estoppel *in pais* affecting a permanent interest in land can be availed of only in a court of equity, and cannot be invoked, in an action of ejectment, to prevent the assertion of legal title.

2. SAME—*when case should be submitted to jury.* A plaintiff in ejectment who shows title to the premises by *mesne* conveyances from the defendant, and who offers evidence tending to show the latter's possession, is entitled to have the case go to the jury, and the court cannot direct a verdict for the defendant under evidence relied upon to establish an estoppel *in pais* against the plaintiff.

3. SAME—*to constitute an estoppel as to boundary lines an actual agreement must be shown.* The acceptance and possession by a grantee and his grantees of a tract of land less than that described in the original deed, do not, in the absence of any agreement, estop a subsequent grantee from asserting title to the land not so included, in an action of ejectment against the original grantor.

WRIT OF ERROR to the Circuit Court of Monroe county; the Hon. B. R. BURROUGHS, Judge, presiding.

WILLIAM HARTZELL, and J. B. SIMPSON, for plaintiff in error.

H. CLAY HORNER, for defendants in error

Per CURIAM: This was an action of ejectment brought by the plaintiff in error, against F. W. Brickey and others, defendants in error. The defendants other than Brickey were tenants under Brickey. The declaration claimed title in the plaintiff in error to a tract of land described therein by metes and bounds, being 43.61 acres off the east part of survey 342, claim 2058, township 5, south, ranges 9 and 10, west. The defendants in error filed but a single plea, averring they were not, at the time of the beginning of the suit or at the time of filing the plea, in

possession of the premises in the declaration described. The issue raised by the declaration and the plea thereto was submitted to a jury for trial.

It was agreed that on the 10th day of January, 1855, the title to that part of survey 342 involved herein rested in the defendant F. W. Brickey. The plaintiff introduced testimony from which it appeared, without controversy, this title had passed by *mesne* conveyances from him, the said Brickey, to the said plaintiff. The plaintiff produced a number of witnesses, among them one Gardner, who was a surveyor and deputy county surveyor of Monroe county, wherein the said land is situate. The testimony of these witnesses tended to establish that the premises described in the declaration were in the possession of the defendant Brickey. The said defendant Brickey did not deny but that he was in possession of the *locus in quo* referred to by these witnesses, but he insisted the tract so in his possession was not the tract described in the declaration, and introduced evidence tending to sustain his contention, and further insisted the plaintiff was estopped, for reasons hereinafter referred to, to contend that the tract so possessed by the defendant was embraced in the tract described in the declaration. Unless the plaintiff was so estopped to urge that the premises in the possession of the defendant Brickey were comprehended within the description contained in the declaration, whether the tract of which the defendant was in possession is the tract described in the declaration was a question of fact to be determined by the jury.

At the close of all the testimony the defendant interposed a demurrer to the evidence.. The court sustained the demurrer, discharged the jury and entered judgment finding the defendant was not guilty of unlawfully withholding the premises described in the declaration.

We find in the testimony of the surveyor, Gardner, and in the testimony of other witnesses produced in behalf of plaintiff in error, evidence tending to show that the

*locus in quo* so confessedly in the possession of the defendant in error Brickey was within the limits of that part of survey 342 described in the declaration, and in the various deeds through and by which the plaintiff in error traced title thereto. Upon this branch of the case it can not be said the evidence in support of the contention of the plaintiff in error, together with the intendments reasonably to be drawn therefrom, was so far insufficient to support his contention as to have justified the court in refusing to submit that question, as a question of fact, to the jury. Hence, unless the plaintiff in error was, as the defendant in error claimed, estopped to insist that the tract so in the possession of the defendant in error was within the limits of the tract described in the declaration, it is manifest the court erred in withdrawing the case from the jury and entering judgment against the plaintiff in error. *Chicago, Rock Island and Pacific Railway Co.* v. *Lewis,* 109 Ill. 120; *Bartelott* v. *International Bank,* 119 id. 259; *Ashley Wire Co.* v. *Mercier,* 163 id. 486.

Defendant in error insists the evidence disclosed facts from which it is to be conclusively presumed, as a matter of law, the plaintiff in error became estopped to claim that the description of the premises in his declaration and in his deed referred to the premises in the possession of the defendant in error. The defendant in error alleged the facts so disclosed to be as follows: that he, the defendant in error, on the 10th day of January, 1855, was the owner of that part of the survey described in the declaration, and also of a tract lying immediately south-east thereof, to-wit, the eastern part of the survey next adjoining on the south-east, and on that day sold and conveyed said portions of said surveys to one John Drury, and in the said deed to said Drury described the lands so sold and conveyed, as follows: "One hundred acres of the north-east end of survey 342, claim 2058, and survey 341, claim 2103;" that under and by virtue of said deed said Drury entered into possession of certain tracts

of land adjoining, upon the south, the tract of which the defendant was shown to be in possession; that the said Drury afterwards sold, conveyed and delivered the possession of the same tracts he purchased from and received possession of from the defendant in error, to one John J. Linnertz, father of the plaintiff in error; that said John J. Linnertz retained peaceable and undisturbed possession of the same *locus in quo* until the date of his death, in 1882, and that upon his death the title to the same premises and the possession thereof passed, under the laws of descent, to the plaintiff in error and his brother, Anton Linnertz; that Anton conveyed his undivided interest in and to said premises, and delivered possession thereof to the plaintiff in error, who now holds such possession.

The position of the defendant in error is, that he sold to said Drury, and said Drury bought of defendant in error, other lands than the tract of which it was shown the defendant in error had the possession, and that the possession of such other land was, under the said conveyance, parted with by the defendant in error and accepted by the said Drury as being the lands comprehended within the descriptions employed in the deed, and that each successive grantor in the chain of title upon which the plaintiff in error relies, sold and delivered to his grantee, including the plaintiff in error, said other tracts of land by the same description as that employed in the deed from Brickey to Drury, and that under said deeds each of the said grantees, including the plaintiff in error, entered into possession of the said other tracts, and that the plaintiff in error still has peaceable and undisturbed possession of said other tracts, holding the same under deeds of conveyance describing the said tracts he seeks as the same are described in the declaration in the cause.

The argument is, that by the acts of the various grantors and grantees through whom plaintiff in error obtained and claims title, and by his own acts, the descriptions of the land in the various deeds involved,

including the land held by the plaintiff in error, have been applied to certain tracts of land, and the boundaries of the tracts so described thereby fixed and established, and so long acquiesced in that the parties to such deeds are to be deemed estopped from asserting that the descriptions in said deeds refer to other tracts of land now in the possession of the defendant in error. In support of this insistence we are cited to a number of cases decided by this court. We have examined all of such cases. The principle to be gathered from them is, that the owners of adjoining tracts of land, by parol agreement, or recognition from which an agreement may be inferred, may settle and establish permanently the boundary line between their lands, which, if followed by possession according to such lines so agreed upon, is binding upon such owners and upon their grantees, and estops each of them to claim title beyond such line. But in the case at bar there is no evidence that the parties, by express agreement or acts of recognition or acquiescence, fixed upon or attempted to fix upon any line as being a true boundary line between the adjoining premises. The action here is ejectment. The plaintiff in error established that he was the holder of the legal title in the premises described in his declaration, and should have prevailed unless he failed to establish the defendant in error was in possession of the tract to which he held such title. The effect of the proposed estoppel was not to prohibit the plaintiff in error from avoiding any agreement, express or implied, fixing a boundary line between his lands and the land of any other person, but to prohibit him from asserting ownership of lands the title to which he had established by the production of evidence which the law provides shall evidence the investiture of title, on the ground the acts and conduct of the parties to such instrument established that it was the intention to transfer and convey another tract of land than such tracts as were described in such instrument.

It is not permissible in an action of ejectment to invoke estoppels *in pais* in order to defeat the legal title to permanent interests in land. (*Winslow* v. *Cooper*, 104 Ill. 235; *Baltimore and Ohio and Chicago Railroad Co.* v. *Illinois Central Railroad Co.* 137 id. 9.) Courts of chancery may afford relief of this character in a proper case, but in an action of ejectment the legal title must prevail. The principle upon which it is held boundary lines may be settled by agreements, and the parties to such agreements deemed estopped to disregard them, is not that title to land can pass by parol agreement, but that uncertainties as to the true location of a mutual boundary line may be adjusted and settled by the voluntary agreement of the respective owners of adjoining premises, and that when such agreements are fairly and clearly made, the parties thereto shall not be allowed to re-open the controversy, but shall be required to abide their agreement. (*Cutler* v. *Callison*, 72 Ill. 113; *Quick* v. *Nitschelm*, 139 id. 251.) In the case last cited we said (p. 262): "If the facts are not sufficient to show an actual agreement as to a boundary line, even though they amount to an *estoppel in pais*, it is to be observed that estoppels *in pais* affecting permanent interests in land can only be made available in a court of equity."

The action of the court in withdrawing the case from the jury cannot therefore be justified upon the ground the plaintiff in error had become estopped to contend that the defendant in error was in possession of the premises described in the declaration. We have seen the plaintiff in error produced testimony tending to show the defendant in error was so in possession of the premises. It was not necessary, in order to entitle the plaintiff in error to have that issue presented to and decided by the jury, that the court should have been of the opinion the preponderance of the evidence supported his contention, for that would be to deprive him of his constitutional right to have his cause determined by a jury. Unless the court

can say there is no evidence upon which the jury could, "in the eye of the law, reasonably find for the plaintiff," the issue must be determined by a jury. *Frazer* v. *Howe,* 106 Ill. 563; *Offutt* v. *World's Columbian Exposition,* (*ante,* p. 472.)

The judgment must be reversed and the cause remanded.

*Reversed and remanded.* .