## West Chicago St. R. R. v. Wilson P. Shiplett.

1. DUE CARE—*A Question of Fact.*—Whether or not a plaintiff was in the exercise of proper care and caution is a question of fact for the jury.

2. NEGLIGENCE—*A Question of Fact for the Jury.*—Whether the driving of a car at a certain rate of speed, when passing a cable train which had stopped to receive passengers, was or was not negligence, under all the circumstances, is a question of fact for the jury.

3. DEMURRER—*Motion to Exclude and to Instruct the Jury to Find for the Defendant.*—A motion to exclude and to instruct the jury to find for the defendant, is in the nature of a demurrer to the evidence, and hence admits all that the testimony proves, and all that it tends to prove.

4. VERDICTS—*Where the Court May Exclude the Evidence and Direct the Jury to Find for the Defendant.*—It is only where there is no evidence before the jury on a material issue, in favor of the party having to maintain such issue affirmatively, upon which the jury could reasonably find in his favor, that the court may exclude the evidence and direct the jury to find against him.

5. DAMAGES—*When Not Excessive.*—Although the court might have been better satisfied if the damages were less, yet if there is no evidence of passion or prejudice on the part of the jury, they will not be disturbed.

**Action in Case,** for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. CHARLES G. NEELY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1898. Affirmed. Mr. Presiding Justice HORTON not concurring. Opinion filed December 19, 1899.

This was an action against appellant and the Chicago City Railway Company, jointly, to recover for alleged injuries said to have been caused by the negligence of the two companies. Upon the trial the suit was discontinued as to the other defendant, and a verdict was returned and judgment rendered against appellant for thirty-five hundred dollars, from which this appeal is prosecuted.

The declaration charges negligence in construction and maintenance of the tracks dangerously near to each other, and that appellant negligently operated and propelled one of its cars so near to a car which appellee was boarding, and without warning, that appellee was caught and squeezed between said cars, thrown down and injured.

The accident is said to have occurred at or near the junction of Lake and State streets, Chicago. The appellee, with two companions, one being his wife, approached from the west a cable train operated by the Chicago City Railway Company, for the purpose of boarding said train. His wife had gotten on the train, but before appellee had done so he was struck by a car moving north on the west track of appellant's line, knocked down, and it is alleged suffered the injuries complained of.

ALEXANDER SULLIVAN, attorney for appellant; EDWARD J. McARDLE, of counsel.

CREWS & CREWS, attorneys for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court.

At the close of the plaintiff's testimony appellant presented a motion in writing to exclude all the evidence from the jury on behalf of plaintiff, and to give the following instruction : " The court instructs the jury to find the defendant not guilty." The court denied the motion and refused the instruction, to which ruling appellant duly excepted. It is urged that the trial court erred in those respects.

There was evidence tending to show that appellee had approached the cable train for the purpose of taking passage thereon; that reaching the front platform at the south end

of a trailer car, he turned around to help his wife, who he supposed was directly behind him, on the car; that she had meanwhile gone to the rear platform and was getting on there; that, as appellee stood looking for her, he was almost immediately struck by an approaching horse car of the appellant, which he did not see, and was knocked down and injured. There is testimony to the effect that the horses drawing this car were moving " at a pretty good trot;" that the car did not stop at all, but kept on its way after the accident, and disappeared around the corner, going west on Lake street.

This evidence presented questions which it was proper to submit to the jury. Whether or not appellee was in the exercise of proper care and caution is a question of fact. C., St. L. & P. Ry. Co. v. Hutchinson, 120 Ill. 587–596. It was a question of fact whether driving the car at such a rate of speed when passing a cable train which had stopped to receive passengers, was or was not negligence under all the circumstances. West Chi. St. Ry. Co. v. Annis, 62 Ill. App. 180. The motion to exclude, and to instruct the jury to find for the defendant, was in the nature of a demurrer to the evidence, and hence admits all that the testimony proves and all that it tends to prove. It is only where there is no evidence before the jury on a material issue, in favor of the party having to maintain such issue affirmatively, upon which the jury could reasonably find in his favor, that the court may exclude the evidence, and direct the jury to find against him. Frazer v. Howe et al., 106 Ill. 563–573. We find no error in the denial of appellant's motion and refusal to direct a verdict in its favor at the close of the plaintiff's case.

It is said the damages are excessive. We do not find, however, any evidence of passion or prejudice on the part of the jury, and after a careful consideration of the testimony as to the nature and extent of appellee's injuries, are unable to say that the verdict is excessive, although we might have been better satisfied if it was less.

It is urged that the court erred in giving appellee's third

instruction.    In this we can not concur.    We think it states.
the rule requiring ordinary care for his own safety on the
part of appellee with substantial accuracy, and that the
same is true of the phraseology referring to the negligence
causing the alleged injury as charged in the declaration.

It is said that the court erred in refusing an instruction re-
lating to the question of appellee's contributory negligence.
But the rule of law on this subject is fully, and, so far as we
perceive, with substantial accuracy stated in another instruc-
tion given at the instance of appellant's counsel.    No reason
is suggested why it was necessary or proper to repeat it in
another form, differing in no material respect.

The judgment of the Circuit Court must be affirmed.

Mr. Presiding Justice Horton.

I do not concur in the above opinion because the proof does
not sustain the cause of action stated in the declaration.