## White-Kingsland Manufacturing Co., use of, etc., v. Frederick H. Herdrich.

1. PRACTICE—*When a Case is to be Submitted to the Jury.*—It is not the province of the trial judge to weigh conflicting evidence in the first instance, but to submit it to the jury; and if its verdict is not supported by a preponderance of the testimony, his duty is to award a new trial.

2. INSTRUCTIONS—*When They May be Oral.*—The mere direction as

to the manner in which the jury should proceed, though oral, is not erroneous. Under the statute (R. S., Chap. 110, Sec. 52), it is necessary only that instructions upon the law of the case should be in writing.

Garnishment.—Appeal from the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge, presiding. Heard in this court at the March term, 1901. Reversed and remanded. Opinion filed December 23, 1901.

JAMES HARVEY HOOPER, attorney for appellant.

ANTON W. SCHROETER, attorney for appellee.

MR. PRESIDING JUSTICE WINDES delivered the opinion of the court.

The Carqueville Lithographing Co. obtained a judgment against the White-Kingsland Mfg. Co., April 11, 1899, before a justice of the peace, on which execution was issued and returned *nulla bona*, when the former company began garnishment for its use in the name of the latter company against appellee before a justice of the peace, and obtained judgment, which was appealed to the Circuit Court, where a trial resulted in the court's directing the jury, at the close of all the evidence, to find the issues for appellee, which was done, and a judgment rendered accordingly. From that judgment this appeal was taken.

The evidence shows, and it is conceded by appellee's counsel, that appellee became the owner of two shares of stock of the par value of $100 each in the White-Kingsland Mfg. Co., a corporation of Illinois, and this suit is to recover from appellee the unpaid price of the stock owned by appellee, it being claimed that he never paid for it. That is the principal question in the case.

The witness Hooper testified, in substance, that on January 12, 1899, he had a conversation with appellee, in which the latter said that he had never paid for his two shares of stock in the White-Kingsland Mfg. Co., which Mr. O. D. White, the secretary of the company, had coaxed him to take; that White owed appellee two notes for money that he, White, had borrowed of appellee in 1893 to live on, while he, White, was getting the company in going order.

Appellee in substance testified that he had paid for his

White-Kingsland Mfg. Co. v. Herdrich.

stock by two checks, which were produced and offered in evidence, each check being for the sum of $100, payable to the order of O. D. White, by him indorsed in blank and marked paid; one dated January 20, 1893, and the other dated February 25, 1893. On cross-examination he testified, first, that he had two notes which Mr. White gave for those checks, and later testified that the notes were given in payment of the stock; that the checks were given to pay for the stock, and that shortly after the second payment on the stock he sold the stock to White, and that White gave him the two notes in question for the stock. The notes were produced and offered in evidence, and are of the same amounts as the checks and bear the same dates. Appellee testified that they were dated back so as to draw interest from the date the checks were given, when it appears that White received the money on them.

We think, in view of this evidence, which is squarely conflicting as to whether the appellee's stock was paid for, a question of fact is presented which should have been submitted to the jury. Even if it could be said that the appellant failed to make out a case by a preponderance of the evidence, or that the preponderance of the evidence is with the appellee, still the evidence on behalf of the plaintiff, when taken alone, is clearly sufficient to justify a verdict for the appellant. It is not the province of the trial court to weigh conflicting evidence in the first instance, but it is its duty to submit it to the jury, and if the jury's verdict is not supported by a preponderance of the evidence, then to award a new trial. Frazer v. Howe, 106 Ill. 563–74; R. R. Co. v. Shiplett, 85 Ill. App. 683–5; Barnes v. Western Wheel Works, 84 Ill. App. 646–53, and cases cited; Linnertz v. Dorway, 175 Ill. 508–13; Offutt v. Columbian Exp., 175 Ill. 472–9; Westville Coal Co. v. Schwartz, 177 Ill. 272–7; I. C. R. R. Co. v. Griffin, 184 Ill. 9–12.

In the Linnertz case, *supra*, the court say, after stating that plaintiff in error presented testimony tending to show that the defendant in error was in possession of the premises sought to be recovered by ejectment:

" It was not necessary, in order to entitle the plaintiff in error to have that issue presented to.and decided by the jury, that the court should have been of the opinion the preponderance of the evidence supported his contention, for that would be to deprive him of his constitutional right to have his cause determined by a jury. Unless the court can say there is no evidence upon which the jury could, in the eye of the law, reasonably find for the plaintiff, the issue must be determined by a jury."

In the Westville Coal Co. case, *supra*, the court in speaking on this subject, say :

" The argument, that the jury were not justified in crediting his (plaintiff's) statement, because he was not corroborated but was contradicted by three witnesses, two of whom were examined on the subject in his own behalf, does not present the question of a want of evidence on the part of plaintiff, but rather that there was a clear preponderance on the other side.  *  *  *  If a verdict is against a clear weight of the evidence, it is the duty of the trial court to grant a new trial, and the Appellate Court may for a like reason reverse the judgment and award a new trial."

It is claimed by appellant that the court erred in orally directing the jury "to find the issues for the defendant." We think not.   In Ill. Central R. R. Co. v. Wheeler, 149 Ill. 525, it was held that a "mere direction to the jury as to the manner in which they should proceed," though oral, is not erroneous under the statute (Ch. 110, Sec. 52); it is necessary only that "an instruction upon the law of the case" should be in writing.

For the error in not submitting the cause to the jury, the judgment is reversed and the cause remanded.