## Henry Hober v. W. P. Nelson Co.

1. PRACTICE—*Motion to Take a Case from the Jury.*—A motion to take a case from the jury is in the nature of a demurrer to the evidence and admits not only the truth of such evidence but all the inferences which might reasonably be drawn from it.

2. SAME—*When the Court Should Direct a Verdict.*—Unless the

court can say there is no evidence upon which the jury could "in the eye of the law," reasonably find for the plaintiff, the issue must be determined by the jury.

**Trespass on the Case,** for personal injuries. Error to the Circuit Court of Cook County; the Hon. CHARLES W. BISHOP, Judge, presiding. Heard in this court at the October term, 1901. Reversed and remanded. Opinion filed March 20, 1902.

FRANCIS T. MURPHY and THADDEUS S. ALLEE, attorneys for plaintiff in error.

O. W. DYNES, attorney for defendant in error.

MR. JUSTICE ADAMS delivered the opinion of the court.

· Hober was plaintiff and the Nelson Company was defendant in the trial court. The declaration consists of two counts. In the first count it is averred that plaintiff was in the defendant's employ, and defendant negligently furnished plaintiff with an unsafe and dangerous place in which to work, and particularly in negligently constructing an unsafe, etc., scaffold, which, while plaintiff was exercising ordinary care, broke and plaintiff fell, etc. The second count differs from the first merely in averring that defendant negligently provided for plaintiff an insecure and dangerous scaffold.

The court, at the conclusion of the plaintiff's evidence, on motion of defendant's attorney, instructed the jury to find the defendant not guilty; a verdict was rendered accordingly, and judgment was entered on the verdict.

The motion to take the case from the jury was in the nature of a demurrer to the evidence, and admitted the truth of the evidence and all inferences which might reasonably be deduced from it. Offutt v. Columbian Exposition, 175 Ill. 472; Martin v. C. & N. W. Ry. Co., 194 Ill. 138; Roberts v. C. & G. T. Ry. Co., 78 Ill. App. 526.

"Unless the court can say there is no evidence upon which the jury could, 'in the eye of the law, reasonably find for the plaintiff,' the issue must be determined by a jury." Linnertz v. Dorway, 175 Ill. 508, 513–14.

The question, therefore, is whether the evidence reason-

ably tended to support the plaintiff's case. It appears from
the evidence that the defendant was engaged in the busi-
ness of painting, and that, at the time of the accident, it
had a contract for painting the house number 2229 Calumet
avenue, in the city of Chicago, and was performing that
contract; that plaintiff was in its employ as a painter, and
that one Neiden was its foreman; that in the morning of Sep-
tember 1, 1897, Neiden directed the plaintiff and Erickson,
who was also an employe of defendant, to go up to the middle
room on the second floor of the building, and told them
that they would find a scaffold there, and to rig it up; that
Erickson went up to the room a little ahead of the plaint-
iff, and found there two trestles and a plank, and when
plaintiff arrived in the room, Erickson had the plank in his
hands and was placing it on the trestles. The evidence is
positive that the two trestles and one plank were all the
material in the room for the construction of a scaffold.
The trestles are described in the evidence as A shaped, and
about five feet in height. They were used as supports for
the plank. The plank was about ten or twelve feet long,
ten or twelve inches wide, and about two inches thick. It
was dirty and covered with spots of paint. The foreman,
Neiden, testified that the trestles in the room were defend-
ant's; that defendant had been painting in the room the
day before the accident; that he did not remember whether
the scaffold used at the time of the accident was in the
room the day before the accident; but that there was a
scaffold there the day before, which was defendant's, and
that the men had nothing to do with furnishing material
for the scaffolds; that defendant furnished the material.
The evidence also shows that immediately after Erickson
had fixed the scaffold, Neiden went into the room, carry-
ing paint and brushes, and told plaintiff and Erickson to
get on the scaffold and go to work, and gave them the tools
and colors to work with, and that they went to work under
his directions. This is testified to not only by plaintiff and
Erickson, but by Neiden. The men worked about an hour
and a half, during which time they moved the scaffold

about six times, by moving the trestles with the plank resting on them.    About the end of that time, while they were standing on the plank, about midway between the trestles, working, the plank broke in the middle and the men were precipitated to the floor, and the plaintiff was seriously injured.    The evidence is that the plank was cross-grained, which weakened it fifty per cent, and it was admitted on the trial that it was unfit for the purpose for which it was used.

We can not say that the evidence, with all the legitimate inferences which the jury might reasonably deduce from it, was so insufficient that the jury could not reasonably have found for the plaintiff, had the cause been submitted to them, and are of opinion that the court erred in directing a verdict for the defendant.

The judgment will be reversed and the cause remanded.