Decided 7 April, 1902.

## THIESSEN v. WORTHINGTON.

[68 Pac. 424.]

UNASCERTAINED BOUNDARIES—SETTLEMENT BY AGREEMENT.

Where the boundary line between adjoining proprietors is unascertained, and they agree on a division line, and take possession accordingly, and acquiesce therein, the line so agreed on is binding on the parties and their privies, and one of such owners, or his successor in interest, is entitled to a reformation of his deed so as to make the agreed line the boundary of his land.

From Clackamas: THOMAS A. McBRIDE, Judge.

41 OR.— 10.

Suit by Henry Thiessen against T. R. Worthington and others. From a decree for plaintiff, defendants appeal.

AFFIRMED.

For appellants there was a brief over the names of *L. L. Porter*, and *C. D. & D. C. Latourette*, with an oral argument by *Mr. Porter*, and *Mr. D. C. Latourette*.

For respondent there was a brief and an oral argument by *Mr. Algernon S. Dresser*, and *Mr. Edw. Mendenhall*.

MR. CHIEF JUSTICE BEAN delivered the opinion.

This is a suit to reform a deed. The facts, in brief, are that in July, 1874, Wm. Atkinson and Thomas and Pilgrim Neil purchased 400 acres of land in Clackamas County under an agreement that Atkinson should take the title to the entire tract, and convey to the Neils the east half thereof. The land was accordingly deeded to Atkinson on the 8th, and on the next day, without any survey having been made, or any steps taken to ascertain the division line, Atkinson conveyed to the Neils what was supposed and intended to be the east half thereof. In the spring of 1876, at the instance of Atkinson and the Neils, the county surveyor established the division line, and it was understood and agreed that the line so located should constitute the true line dividing their respective premises. Very soon thereafter Thomas Neil sold and conveyed his interest in the east half to his brother, describing it in accordance with the description furnished by the surveyor. On October 3, 1879, Pilgrim Neil sold and conveyed the entire east half to the plaintiff by the description in his deed from Thomas. The division line as run by the county surveyor and agreed upon by the parties was about two rods west of the line called for in the deed from Atkinson to the Neils made in July, 1874, but after it had been established the respective parties occupied and lived up to it and recognized it as the true boundary line. In November, 1878, Atkinson sold his part of the land to Thomas Neil, but by mistake used the description furnished

by the scrivener who drew the deed from him to the Neils in July, 1874, instead of that furnished by the surveyor. On April 6, 1880, Thomas Neil sold to one James Wetzler, using in his conveyance the same description as in the deed to him from Atkinson, and Wetzler afterwards sold to the defendant according to the same description. The division line agreed upon was, however, recognized by all the owners of the property from Atkinson and the Neils down to the plaintiff and defendant, until some time in 1890, when a survey was made by another surveyor, and it was found that the boundary of the tract described in the deed from Atkinson to the Neils and in the deeds under which the defendant holds did not conform to the agreed division line, but was some two rods east thereof. The defendants thereupon brought an action against the plaintiff to recover possession of the tract between the two lines, and upon a trial the plaintiff was defeated, and thereupon brought this suit to correct the deeds so that they might conform to the agreed line. Plaintiff had a decree in his favor, and the defendants appeal.

The facts are practically undisputed. Atkinson and Thomas Neil, two of the original parties to the transaction, testify that it was the understanding and agreement that the line run by the county surveyor in 1876 should be the true division line between their premises, and the evidence shows beyond controversy that the respective owners thereafter occupied up to such line without question until the resurvey in 1890. It is familiar law that, while the title to land cannot be transferred by parol, an agreement made by proprietors of adjacent tracts settling a disputed boundary, or one that is uncertain or unascertained, is not within the statute of frauds, and, if followed by corresponding possession, is binding on the parties, not because it passes title, but because it determines the location of the estate of each, and places beyond future doubt the true line of separation between them: 4 Am. & Eng. Ency. Law (2 ed.), 859; Tyler, Boundaries, 254; Newell, Ejectment, p. 556, § 22; *Yates* v. *Shaw*, 24 Ill. 367; *Cutler* v. *Callison*, 72 Ill. 113; *City of Bloomington* v. *Bloomington Cemetery Assoc.* 126 Ill. 221 (18

N. E. 298); *Harn* v. *Smith*, 79 Tex. 310 (15 S. W. 240, 23 Am. St. Rep. 340). "This principle proceeds upon the ground," says Mr. Justice CRAIG in *Cutler* v. *Callison*, 72 Ill. 113, "not that title can pass by parol agreement, but that the extent of the ownership of the land of each has been agreed upon, settled, and finally determined (citing authorities). The courts always look with favor upon the adjustment of controverted matters of this character by agreement of the parties in interest; and when an agreement to establish a boundary line is fairly and clearly made, and possession of the land held according to the line so agreed upon, no reason is perceived why such agreement should not be conclusive." When a disputed, uncertain, or unascertained boundary is thus settled by agreement of the parties, and is followed by occupation in accordance therewith, it is not only binding upon the immediate parties to the contract, but on those claiming under them: *Pickett* v. *Nelson*, 71 Wis. 542 (37 N. W. 836); *Jacobs* v. *Moseley*, 91 Mo. 457 (4 S. W. 135); *Atchison* v. *Pease*, 96 Mo. 566 (10 S. W. 159). Within the doctrine of these cases the division line agreed upon by Atkinson and the Neils must be regarded as the true boundary line between the two tracts of land. It was a boundary uncertain and unascertained, and it was competent for the parties to locate it by parol; and such location, having been acquiesced in and recognized, is conclusive and binding upon the parties and their successors in interest.

A contention is made on behalf of the defendant that the purpose of the survey by the county surveyor in 1876 was not so much to locate the boundary as to ascertain the line dividing the tract into two equal parts, and there are some statements in the testimony of Atkinson and the Neils which, taken by themselves, lend color to such contention; but when testifying directly as to the purpose of the survey and the agreement of the parties they state positively that it was understood and intended at the time that the line so run and marked on the ground should be the true division line, and should mark the boundaries of the two tracts of land. Having been so established and acquiesced in for at least fourteen years, it ought

not now to be disturbed; for, as said by the Supreme Court of Illinois in a somewhat similar case: ''Many of the most skilled and experienced surveyors differ more or less in determining where they (lines) were located. Lines and corners that are supposed to be fixed and established by one surveyor are overturned or left in doubt by another at a subsequent period. In all matters of uncertainty and dispute the parties may, without doubt, compromise, and end the dispute. And they may as certainly fix, by agreement, the boundary lines separating their lands as other disputes. And when they have thus agreed upon the position of such boundary, and have acted upon it as the true line, they should be estopped from asserting another and different line'': *Yates* v. *Shaw*, 24 Ill. 367. From these views it follows that the decree of the court below should be affirmed, and it is so ordered.

AFFIRMED.

Decided 7 April, 1902.