## B. F. Sturtevant Co. v. D. E. Sullivan.

1. Depositions—*Improper Opening of—How Shown in Court of Appeal.*—The fact that a deposition was opened or removed from the files by the attorney for one of the parties, can be made to appear only by a bill of exceptions.

2. Appellate Court Practice—*Certified Copies of Orders.*—The filing of a certified copy of a general order for the opening of depositions, does not bring such order before a court of appeal; that can be done only by a bill of exceptions.

3. Pleading—*Leave to File Additional Pleas—Statute of Frauds.*—The granting of leave to file additional pleas is within the discretion of the court, and refusal of leave to plead the statute of frauds is seldom held to be an abuse of discretion.

4. Contempt—*Improper Opening of Deposition.*—If an attorney in a suit opens a deposition in such suit without an order of court he is guilty of contempt and may be dealt with accordingly.

**Assumpsit,** for a wrongful discharge. Appeal from the Circuit Court of Cook County; the Hon. Thomas G. Windes, Judge, presiding. Heard in this court at the October term, 1896. Affirmed. Opinion filed March 8, 1897.

### Statement of the Case.

This was a suit in assumpsit brought by appellee to recover from appellant for a balance claimed to be due under a contract of hiring.

The plaintiff claimed to have been employed by appellant as a draughtsman, and to have been, before the expiration of the term for which he was engaged, without cause, discharged.

There was a verdict and judgment for the plaintiff, from which the appellant, a corporation, appeals.

George Edmund Foss and William J. Candlish, attorneys for appellant.

D. E. Sullivan, *pro se;* John J. McDannold, of counsel.

Mr. Justice Waterman delivered the opinion of the Court.

A deposition read in evidence by the plaintiff is said by

appellant to have been opened before the trial; this, it is alleged, was done without any order of court. Upon the trial the defendant objected to the reading of the deposition, on the ground that the same was opened and removed from the files by the plaintiff's attorney without leave of court. If the plaintiff's attorney did as was charged in the objection, he was guilty of a contempt of court, and the defendant might, and may now, move to have him dealt with therefor.

If we were to presume that the charge contained in the objection is well founded, we should conjecture, from the action of the court, that the deposition was opened under some order of court not here shown. As it is, there is nothing in the record showing that the deposition was opened or removed from the files by the attorney of the plaintiff; such fact could be made to appear only by a bill of exceptions. The bill of exceptions does not so show.

The filing by appellee of a certified copy of a general order for the opening of depositions does not bring such order before us; that can be done only by a bill of exceptions.

We find no error as to the admission or rejection of evidence, or any such as to the giving or refusal of instructions as would justify the reversal of the judgment.

The granting of leave to file additional pleas is within the discretion of the court. The refusal of leave to plead the statute of frauds is seldom held to be an abuse of discretion, and was not in this case.

We are not called upon to say that the preponderance of the evidence was with the plaintiff; we simply find that the verdict was not so manifestly opposed to the evidence that it must be set aside.

The judgment of the Circuit Court is affirmed.