### William E. Hughes v. John F. Humphreys.

1. DEPOSITIONS—*When Opened by the Clerk Without an Order of Court.*—It is not a sufficient ground for striking a deposition from the files, that it has been improperly opened by the clerk without a special order of the court, where no harm has been done by such action.

2. SAME—*Mere Irregularities No Ground for Suppression.*—As depositions may be used by either party, and if suppressed may be retaken, objections to their form should be promptly made, and mere irregularities from which no harm results do not require that they be suppressed.

3. RULES OF COURT—*Can Not be Proved by the Affidavit of the Parties.*—Rules of court must be proved by the record, and their non-existence by the testimony of the clerk of the court. The affidavit of counsel to the effect there was no general rule or order of court for the opening of depositions does not establish the non-existence of such rule or order.

4. PRACTICE—*Motions to Suppress Depositions Must be Made in Apt Time.*—A motion to suppress a deposition must be made in apt time.

5. APPELLATE COURT PRACTICE—*Matters upon Which a Reversal is Asked Must be Shown by the Abstract.*—The rules of the Appellate Court (first district) require that all matter upon which a reversal is asked must be shown by the abstract.

6. CONTINUANCES—*Where a Party Relies upon the Promise of a Witness to Attend.*—If a party relies upon the promise of a witness to attend and fails to have a subpœna served upon him, he is not entitled as a matter of right to a continuance, if such witness does not appear.

**Appeal** from the County Court of Cook County; the Hon. WILLIAM C. DEWOLF, Judge presiding. Heard in the Branch Appellate Court at the October term, 1900. Affirmed. Opinion filed February 21, 1902.

**Statement.**—John F. Humphreys brought suit against appellant, before a justice in Chicago, in which suit he recovered judgment, from which an appeal was taken to the County Court.

After the appeal was perfected the deposition of John F. Humphreys was taken in Bloomington, Ill., May 11, 1900, by Leroy G. Whitmer, a notary of McLean county.

This deposition was received through the mail, by the clerk of the County Court of Cook County, May 15, 1900, properly indorsed with the title of the case, "John F. Humphreys v. William E. Hughes. Deposition of John F. Humphreys." It was opened and the envelope marked on the face thereof, "Opened by Philip Knopf, May 15, 1900."

On July 2, 1900, the defendant moved to suppress this deposition and strike the same from the files. The principal reasons set forth in the motion of July 2d, were that the deposition was improperly and unlawfully opened without order of court.

On July 5, 1900, the defendant filed another motion to

suppress the deposition on the same and on other grounds; attacking the certificate of Leroy G. Whitmer, the notary who took the deposition, viz., that the notary failed to certify that he had examined the witness, Humphreys, upon all the interrogatories put to the witness; that the certificate failed to show that all the interrogatories put were reduced to writing in order in which the same were propounded and answered; that it failed to show that the notary caused all the answers of the witness to be reduced to writing in the order in which they were given; that the officer's certificate showing that certain interrogatories and answers were reduced to writing by a stenographer was insufficient because the officer taking the deposition must certify that he caused all the interrogatories and all the answers to be reduced to writing; that the certificate failed to show that the notary caused either one of the questions and answers to be reduced to writing.

The defendant further claimed that the certificate to the deposition made by Leroy G. Whitmer was fatally defective in not showing that after the deposition was taken the officer annexed at the foot thereof a certificate showing that such paper was sworn and signed by the witness, giving the time and place when and where said deposition was taken, and that there is no such certificate at the foot of the deposition.

Both motions came on to be heard before his Honor, Judge Carter, July 7, 1900, and were denied by the court. On Monday, July 9, 1900, the case being on the call for trial, defendant, by his attorney, presented to the court a motion for a continuance because of the absence of John Stapleton, a practicing lawyer, living in McLean county, Illinois.

The defendant produced a subpœna for John Stapleton to appear July 9th; upon the back of this was written, " I hereby acknowledge service of this subpœna and waive the prepayment of my fees. July 6, 1900. John Stapleton." And also the following letter:

"BLOOMINGTON, ILL., July 6, 1900.
HON. W. E. HUGHES: I accepted service this morning in

Hughes v. Humphreys.

Humphreys v. Hughes, but would like to inform you that owing to matters here it will be impossible for me to be in Chicago Monday. I am sorry to disappoint you in the matter, but I have business here in court over which I have not control and can not leave.    Hoping you can get along without me, etc.

JOHN STAPLETON."

Envelope stamped Bloomington Post-office, July 6, 4 P. M., 1900.

The court denied the motion to continue the case. The case was thereupon submitted without a jury. The court found the issues for the plaintiff and rendered judgment against the defendant for $128.79.

CHARLES A. SURINE, attorney for appellant.

JOHN C. WILSON, attorney for appellee.

MR. JUSTICE WATERMAN delivered the opinion of the court.

It does not appear that any harm was done by the thoughtless act of the clerk in opening the deposition without a special order of the court.

After this was done, counsel waited for nearly two months, and until the cause was about to be called for trial, before moving to strike the deposition from the files because it had been improperly opened by the clerk. Meantime, from June 21st until July 5th, the deposition had been out upon a receipt given by the defendant. The affidavit of counsel to the effect that there was no general rule or order of court for the opening of depositions did not establish the non-existence of such rule or order. Rules of court must be proved by the record; their absence may be proven by the testimony of the clerk. Sturtevant v. Sullivan, 69 Ill. App. 47; Roby v. Title Guarantee & Trust Co., 166 Ill. 336.

The motion was properly overruled. Counsel afterward moved to suppress the deposition. This motion was not made in apt time. While the motion and reasons alleged therein are set forth in the abstract, the abstract does not show that there is in or absent from the deposition any of the things complained of. The rules of this court require

that all matter upon which a reversal is asked must be abstracted.

We may say, however, that it does appear in the certificate of the notary that " the interrogatories and answers thereto were reduced to writing  *   *   *  and were read over to said witness and thereupon the same was signed and sworn to by the deponent." Neither question nor answer not put or not answered was pointed out; nor were any save technical objections made thereto, and these nearly two months after the same was filed.

As depositions may be used by either party and may, if suppressed, be retaken, objections to form should be promptly made; mere irregularities from which no harm appears to have resulted do not require that a deposition be suppressed. Ind. & Ill. Ry. Co. v. Wilson, 77 Ill. App. 603; Hawks v. Lands, 3 Gil. (Ill.) 227; Ill. Cent. R. R. Co. v. Cowles, 32 Ill. 116; Adams v. Russell, 85 Ill. 285.

It is urged that the court should have continued the cause. The defendant relied upon the promise of a witness to attend. The witness could not have been attached for his failure to attend. If a party relies upon the promise of a witness and fails to have a subpœna served upon him, he is not entitled, as of right, to a continuance if the witness does not appear. Day et al. v. Gelston, 22 Ill. 103.

The witness lived in another county and the defendant had ample time after the suit was begun to have taken his deposition; indeed this could easily have been taken at the same time and place as was that of the plaintiff. See Marble v. Bonhotel, 35 Ill. 240–249.

The testimony of the defendant was given and does not appear to us, as it did not to the court below, as overcoming the evidence of his note and the deposition of the plaintiff. The defendant says : " I understand the garnishment matter with the $46.55 left still $150 due Humphreys and I told Steere to pay it and he paid it." And again : "As soon as I received the letter from Mr. Steere, I supposed the whole matter was closed up, but when he asked me to come down I did so."

The reasons given by the court are immaterial; the question is, was it error to refuse to continue.

The court committed no error in allowing the deposition of the plaintiff to be read in rebuttal.

Finding no error requiring a reversal of the judgment, it is affirmed.