Temby v. William Brunt Pottery Co.

---

## Gwynne M. Temby v. The William Brunt Pottery Company.

### Gen. No. 12,478.

1. SERVICE OF SUMMONS—*who not agent of corporation for purpose of.* A person who sells goods for a corporation upon commission, who pays his own expenses, is master of his own time and movements, and who is without authority to fix prices, collect accounts, or transact any other business for such corporation, is not an agent upon whom service can be had.

2. DEPOSITIONS—*when technical objections to, come too late.* Technical objections to depositions come too late when made upon a motion to suppress entered just prior to the hearing where such depositions have been on file for more than three months previously.

3. DEPOSITIONS—*when certificate of official character not essential to.* A certificate of official character is not essential to the validity of depositions where they were taken by a commissioner duly appointed under a *dedimus* issued out of the clerk's office.

4. CONTRACT—*construed to give right to reject orders.* The contract in this case held to reserve the right of the principal to reject, at his discretion, orders submitted by an agent.

Bill in equity to restrain collection of judgment. Error to the Superior Court of Cook County; the Hon. MARCUS KAVANAGH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1905. Affirmed. Opinion filed June 12, 1906.

**Statement by the Court.** Defendant in error filed its bill of complaint seeking to permanently restrain the enforcement of a judgment against it for $1,859.75 obtained by plaintiff in error. A decree was entered, finding the judgment void and restraining its collection. Plaintiff in error seeks to reverse that decree.

The judgment thus set aside was entered upon default. The summons was returned by the sheriff served on defendant in error "by delivering a copy thereof to Courtland A. Saunders, agent of said corporation, this 29th day of August, 1903. The president of said corporation not found in my county." It is charged in the bill that said Saunders was not agent of the company at the time of such alleged service and that the company was not then and never was indebted to said plaintiff in error. It appears that plaintiff in error in October, 1902, made an arrangement with the company at the latter's office in East Liverpool, Ohio, by which the former, a resident of Dallas, Texas, was to sell goods manufactured by said the William Brunt Pottery Company upon an agreed commission. This the said plaintiff proceeded to do and continued until about April 1, 1903, when the company returned to him certain unfilled orders which it refused to accept and advised him that it would discontinue their business relations. The master to whom the cause was referred found from the evidence and reported to the Superior Court that the company had "refused to fill, rejected and returned orders, because they were not satisfied with the credit of the parties named in said orders;" that under the terms of the agreement between the parties by which the company reserved for itself a discretion in accepting or refusing orders sent by plaintiff in error, it had a right to refuse to deliver and to refuse to

pay commissions on such rejected orders; and further found as a matter of law that at the date of said judgment entered in favor of plaintiff in error, there was nothing due said plaintiff " on account of said commissions for the orders which had been sent in by said Temby and rejected by said company." The master therefore recommended that the prayer of the bill be granted and a decree entered in accordance with his findings, which was done.

HENRY W. PROUTY, for plaintiff in error.

WILLIAM J. PRINGLE and EDWIN TERWILLIGER, Jr., for defendant in error.

MR. JUSTICE FREEMAN delivered the opinion of the court.

An elaborate brief has been filed in behalf of plaintiff in error, in which it is contended that the court erred in admitting depositions taken in behalf of the Brunt Pottery Company, defendant in error, in construing the contract between the parties, in giving weight to certain evidence, and that the findings of the decree are contrary to the evidence.

So far as we are advised, no effort appears to be made on the part of plaintiff in error to show that lawful service was obtained upon the Brunt Company in the original suit wherein the judgment sought to be set aside was entered. The evidence of Saunders himself, upon whom as an alleged agent of the corporation the sheriff's return shows the summons to have been served, leaves no doubt that he was not then an agent or representative of the corporation. He sold goods of theirs and for other parties also on commission in Indian Territory, Oklahoma, Texas and Kansas, but nowhere else. He paid his own expenses, was master of his own time and movements, and had no authority to fix prices, collect accounts or transact any business for defendant in error, except to procure orders for defendant's goods for which he received a commission if the sales were made, in the territory where he was operating. In no sense was he the company's agent at the time of the alleged service

of the writ. He was a guest of the plaintiff in error in Chicago, and was with him on the street when the so-called service was had. He told the officer that he had nothing to do with the company, refused to accept the paper offered him, paid no further attention to the matter, left the city about a week after and never notified the company of the proceeding. The alleged service of summons on him as agent of the company gave and could give the court no jurisdiction to enter any judgment against the company.

No motion was made prior to the hearing to suppress the depositions. These were on file over three months before the hearing. The objections now presented are purely technical. The depositions were taken by a commissioner duly appointed under a *dedimus potestatem* issued out of the clerk's office of the Superior Court. It was said by Mr. Justice Sheldon in Kendall v. Limberg, 69 Ill. 355–357, where a like objection was made, that the depositions were not accompanied by a certificate of the official character of the person taking them: "They were taken by a commissioner and no such certificate was necessary." See also Catlin v. Traders Ins. Co., 83 Ill. App. 40–46; Hughes v. Humphreys, 102 Ill. App. 194–198; I. C. R. R. Co. v. Foulks, 191 Ill. 57–74.

It is urged that the Brunt Company, defendant in error, was justly indebted to plaintiff in error at the time the judgment sought to be set aside was entered, and the court erred in holding otherwise. The agreement between the parties, Temby, plaintiff in error, on the one side, and the Brunt Company on the other, was in writing and provides as follows: "Commissions paid on the first of each month for all orders shipped. No commissions paid on orders not shipped or on uncollectible accounts. All orders guaranteed genuine and acceptance of orders at the discretion of the Wm. Brunt Pottery Co." The business relations between the parties continued about six months, when Temby, the plaintiff in error, was notified by the company that they were terminated. This was done, it is claimed, because the Brunt Company received complaints of misrepresenta-

tions from customers, of unfair means to secure orders, and were not satisfied with the credit of the parties from whom many of the orders were taken. That by the terms of the arrangement between them the company had the right to determine for itself whether to ship to parties from whom the said plaintiff in error might procure orders, and that acceptance of such orders was left entirely to the discretion of the company, is, we think, obvious. Such is the express provision of the "commission arrangement." It is urged that some of the orders so rejected were from buyers who were "reasonably rated by the mercantile agency," and their credit sufficiently established. Defendant in error, however, had the right to refuse to sell its goods to buyers whose credit was only "reasonably rated," if as a matter of business policy it was deemed prudent so to do. It had expressly reserved such right. There may very well be reasons why a business house may deem it unwise to sell goods even to persons of good financial standing. Such persons may not be entirely honorable in their business dealings, may be difficult to deal with satisfactorily, and there may be many reasons why a particular house may not desire to ship goods to certain buyers. The merchant has a right to exercise his discretion as to such shipments. We must concur with the Superior Court that under the agreement the William Brunt Pottery Company had reserved the right to refuse to make sales if it should choose to do so. See Walker v. Tirrell, 101 Mass. 257.

As the term is used by the parties the discretion here mentioned is not a legal discretion, such as is exercised by courts, public officials or by architects in building contracts, and subject to be reviewed. But, whether so or not, there is no evidence that the discretion exercised by the company in this case was not entirely reasonable and proper under even a strict limitation of the term, nor that it was not exercised in perfect good faith and with an honest judgment. In Crane Elevator Co. v. Clark, 80 Fed. Rep. 705, cited by the attorney for the plaintiff in error, it was said in reference to an architect's rulings: "If

the work has been in good faith performed, it is his duty to accept, the fact of the performance to be determined by him in the exercise of an honest judgment." So far as appears, defendant in error acted in the exercise of such judgment. It would be unreasonable to assume, as we are asked to do, that the defendant in error refused in an arbitrary way and without just reason or excuse to fill orders for its goods from perfectly responsible buyers, when its main object in doing business was to sell its product and realize a profit from such sales.

We cannot undertake to review the evidence in detail. It must suffice to say that we discover no material error in the rulings nor finding of the chancellor. Plaintiff in error seems to have been paid his full commission and something over upon sales actually made by him and accepted by said defendant. Under the evidence he was not, in our opinion, entitled to recover more.

Finding no error in the decree of the Superior Court, it will be affirmed.

*Affirmed.*