The People, for use of William Brunt Pottery Company, Appellee, v. Ellen Barrett, Administratrix, et al., Appellants.

## Gen. No. 13,982.

FALSE RETURN—*what may be included by way of damages in action for.* In an action upon the official bond of a sheriff for making a false return, the costs taxed in a chancery suit which resulted in the setting aside of the judgment predicated upon such false return, may properly be included in the damages awarded, notwithstanding no effort appears to have been made to collect the same from the defendant in the judgment fraudulently obtained; likewise, items of expense incurred in following such chancery cause upon appeal may be included.

Action of debt. Appeal from the Municipal Court of Chicago; the Hon. EDWARD A. DICKER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1907. Affirmed. Opinion filed May 1, 1908.

SEYMOUR EDGERTON, for appellants.

WILLIAM J. PRINGLE and EDWIN TERWILLIGER, JR., for appellee.

MR. JUSTICE SMITH delivered the opinion of the court.

This action of debt was commenced in the Municipal Court of Chicago for the use of the William Brunt Pottery Company, an Ohio corporation, against Ellen Barrett, as administratrix of the estate of Thomas E. Barrett, deceased, late sheriff of Cook county, Illinois, and the sureties on his official bond as such sheriff, to recover damages for an alleged false return of a summons. The case was tried before the court without a jury, and resulted in a finding and judgment against the defendants for $1,118.83. This appeal followed, to reverse the judgment.

The evidence shows that a summons was issued out of the office of the clerk of the Circuit Court of Cook county in the case of Gwynne M. Temby v. The William Brunt Pottery Company on August 29, 1903, and de-

livered on the same day to the sheriff for service.   The return indorsed thereon, which is alleged to be false, is as follows: ·

"Served this writ on the within named William Brunt Pottery Company, a corporation, by delivering a copy thereof to Courtland A. Saunders, agent of said corporation, this 29th day of August, 1903.   The President of said corporation not found in my county.

THOS. E. BARRETT, Sheriff,
By F. W. Bewersdorf, Deputy."

It appears from the evidence that Saunders, who was a personal friend of Temby, the plaintiff in that suit, had been engaged since 1901 in selling crockery ware manufactured by the William Brunt Pottery·Company on commission.   His territory included Texas, Oklahoma, Indian Territory and Kansas.   In August, 1903, Saunders was in East Liverpool, Ohio, the place of the home office of the company.   From there he came to Chicago on August 28, 1903, and called on Temby.   On the afternoon of that day Temby took Saunders to the office of his attorney in the Reaper block, Chicago, where arrangements were made for the commencement of Temby's suit and the service of summons therein upon Saunders as the agent of the pottery company.   Temby and Saunders were asked to come to the attorney's office the next morning. This they did.   Saunders, not being willing to go to the sheriff's office, waited with Temby in the entrance of the Reaper Block, while the attorney went to the court house, commenced the suit and returned with the deputy sheriff and served the summons on Saunders as the agent of the William Brunt Pottery Company.   Saunders, in response to a question addressed to him by the deputy sheriff, said that he was an agent of the William Brunt Pottery Company, but refused to accept the copy of the summons, and the deputy sheriff placed it on Saunders' shoulder and left; and afterwards indorsed the return above set forth on the summons.   These are the facts testified to by two wit-

nesses.   Saunders stated in his evidence that when he
was at the attorney's office on the afternoon of August
28 nothing was said to him about the Temby suit, and
that he did not go to the attorney's office the follow-
ing morning; but that he met the attorney and the
deputy on the street, and was there served with a copy
of the summons, which he refused to accept, and that
he told the attorney he had no authority to accept
service.

The evidence shows that on the service so made a
judgment by default for $1,859.75 against the William
Brunt Pottery Company in favor of Temby was ob-
tained on September 29, 1903.   Garnishment proceed-
ings were afterwards commenced on this judgment,
and through a letter written by one of the garnishees
the William Brunt Pottery Company first learned of
the Temby suit and the judgment therein.

The pottery company filed a bill in equity to set
aside the judgment thus obtained and obtained a de-
cree finding and adjudging that the return of the sum-
mons was false; that it was not indebted to Temby in
any manner whatsoever and that the judgment be an-
nulled and held for naught.   The sheriff was a party
defendant in the suit and the decree.   The judgment
below is for the expenses of appellee in conducting that
proceeding.

In our opinion the evidence shows satisfactorily that
the return of the sheriff to the writ of summons in the
suit of Temby v. William Brunt Pottery Company was
false in fact.   The reasons for this conclusion given
in Temby v. William Brunt Pottery Co., 127 Ill. App.
441, when that case was before us, apply to the record
now before us and need not be repeated.   We find no
reason in the record to disturb the judgment of the
court below on that issue.

Among the items included in the damages assessed
is one of $212.85, costs taxed in the chancery suit.   The
decree in that case provided that Temby should pay
these costs to the complainant therein, the William

Brunt Pottery Company. It is now contended that this item was improperly included in the judgment, for the reason that no effort is shown by the evidence to collect these costs from Temby; and even if the evidence showed an execution against him and a return thereof unsatisfied, appellee would not be entitled to recover such taxed costs in this action.

In our opinion, these costs were the direct and proximate result of the false return, which made it necessary for the pottery company to institute the proceedings in equity to set aside the judgment illegally obtained thereby. Appellants' objections to the allowance of these costs, and the items of expense in this court on appeal in that case, are not well founded and cannot be sustained.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*